### FERGUSON et al. v. UNITED STATES. *

(Circuit Court of Appeals, Eighth Circuit. October 24, 1923.)

No. 6245.

**1. Conspiracy ⊜⇒24—There may be conspiracy to be executed entirely by one conspirator.**

It is no bar to the existence of a conspiracy that it is to be executed entirely by one conspirator.

**2. Conspiracy ⊜⇒43(9)—Indictment for conspiracy to falsely impersonate officer held sufficient.**

An indictment charging a conspiracy that one of the defendants should "unlawfully and feloniously assume and pretend to be" an officer of the United States, and should in such assumed character, with intent to defraud, obtain from a person named a thing of value described, *held* to sufficiently charge that such defendant should "falsely" assume and pretend to be such officer within Cr. Code, § 32 (Comp. St. § 10196).

**3. Conspiracy ⊜⇒45—Criminal law ⊜⇒1170(2)—Error in excluding evidence harmless, where fact is otherwise proved.**

On a trial for conspiracy to impersonate a United States Marshal and thereby obtain things of value, the impersonator's commission as deputy

sheriff was admissible, but its exclusion is not ground for reversal, where the fact that he was a deputy sheriff was established by other uncontradicted testimony.

In Error to the District Court of the United States for the District of New Mexico; Colin Neblett, Judge.

Criminal prosecution by the United States against J. H. Ferguson and others. Judgment of conviction, and defendants bring error. Affirmed.

A. B. Renehan, of Santa Fé, N. M. (J. O. Seth and Carl H. Gilbert, both of Santa Fé, N. M., on the brief), for plaintiffs in error.

Harry S. Bowman, Asst. U. S. Atty., of Santa Fé, N. M. (George R. Craig, U. S. Atty., and J. A. Miller, Asst. U. S. Atty., both of Albuquerque, N. M., on the brief), for the United States.

Before STONE, Circuit Judge, and VAN VALKENBURGH and KENNEDY, District Judges.

STONE, Circuit Judge. This is a writ of error from a conviction for conspiracy to violate the laws of the United States by obtaining things of value through impersonation of a United States deputy marshal.

Five matters are urged here as error.

The first is an attack upon the sufficiency of the indictment. This is based upon two claims: that the allegation as to conspiracy is insufficient and that the subject of the conspiracy, as charged, did not constitute an offense against the United States. The charging part of the indictment is that the accused persons:

" * * * Did unlawfully, fraudulently and feloniously conspire, combine, confederate and agree together to commit an offense against the United States, to wit: That the said J. H. Ferguson should unlawfully and feloniously assume and pretend to be an officer acting under the authority of the United States and the Department of Justice thereof, to wit: A deputy marshal of the United States, and should in such assumed character, with intent to defraud one Samuel M. Spradlin, wrongfully obtain from him, the said Samuel M. Spradlin, a thing of value, to wit: A deed executed by the said Samuel M. Spradlin deeding and conveying to one Lon C. McCrory, real estate situate in the county of Harding and state of New Mexico, and more particularly described as section 9, township 17, range 32 east, N. M. P. meridian, and a certain other thing of value, to wit: An order drawn upon the register of the land office of the United States at Clayton, New Mexico, requesting and ordering the said register to turn over to Lon C. McCrory, the patent and final receipt to the said lands. * * * "

[1, 2] The objection to the allegation as to conspiracy is that there is no statement that there was to be any concerted action between Ferguson and any other of the defendants or that any of them should aid, encourage or abet Ferguson in the commission of the crime. Here the charge is clear and forceful that these parties (including Ferguson) did conspire to obtain the deed and order for the patent by having Ferguson impersonate an officer. It is no bar to the existence of a conspiracy that it is to be entirely executed by one of the conspirators. The objection that the subject of the conspiracy constituted no offense against the United States is based on the omission of the word "falsely" in the

charge that Ferguson was to assume or pretend to be an officer of the United States. The statute (Penal Code, § 32 [Comp. St. § 10196]) makes it a felony if any person:

" * * * Shall falsely assume or pretend to be an officer or employé acting under the authority of the United States, or any department, or any officer of the government thereof, and shall take upon himself to act as such, or shall in such pretended character demand or obtain from any person or from the United States, or any department, or any officer of the government thereof, any money, paper, document or other valuable thing. * * * "

The statement in the indictment is that Ferguson—

"should unlawfully and feloniously assume and pretend to be an officer acting under the authority of the United States * * * and should in such assumed character with intent to defraud * * * wrongfully obtain * * * a thing of value. * * * "

This language cannot rationally be understood as meaning anything other than a false assumption or pretense of authority. If the word "falsely" had been repeatedly used it could not have affected the already clear and unambiguous meaning of the indictment. The statement clearly and definitely refers to the offense created by section 32 and refers to nothing else. It is, therefore, sufficient.

[3] Another claimed error is the exclusion from evidence of the commission of Ferguson as deputy sheriff of Dallam county, Tex. Speaking of section 32, the Supreme Court said:

"By that section these offenses are prohibited:

"(1) With intent to defraud either the United States or any person, the falsely assuming or pretending to be an officer or employé acting under the authority of the United States, or any department, or any officer of the government thereof, and taking upon oneself to act as such.

"(2) With intent to defraud either the United States or any person, the falsely assuming or pretending to be an officer or employé, etc., and in such ;pretended character demanding or obtaining from any person or from the United States, or any department, or any officer of the government thereof, any money, paper, document, or other valuable thing." United States v. Barnow, 239 U. S. 74, 75, 36 Sup. Ct. 19, 20 (60 L. Ed. 155).

This indictment is framed, under the second of the above classes, upon the theory that a thing of value was obtained as a result of the prohibited impersonation. If this be true, then this portion of the statute would not be violated if the person from whom the thing was obtained knew at the time it was obtained that the accused was impersonating only a state official. It would, therefore, be pertinent to introduce evidence that such knowledge existed. It was error to exclude this commission. However, reversal is not justified unless this error was prejudicial. To determine the effect of this error, it is necessary to ascertain the relation of this excluded evidence to the other evidence in the case. Ferguson had arrested Spradlin on a charge of manufacturing illicit liquor, at the ranch of Spradlin. He had taken Spradlin, as a prisoner, to another nearby ranch where he (Ferguson) had also arrested another man. Some time after supper at this last place, Ferguson and others acting with him had obtained the deed and order for the patent and final receipt from Spradlin as the price of releasing him from custody. The testimony concerning this commission and in

connection with the offer of it in evidence was entirely by a witness Simmons. The testimony of Simmons was that before supper Spradlin, Bailey, Ferguson and Bennett were talking and "somebody said, 'What are you?'" That, in response to this inquiry, Ferguson handed Spradlin a paper which Spradlin looked over and handed to Bennett. Simmons says he saw this paper. He identified the rejected commission of deputy sheriff as being the paper. This alleged transaction took place several hours before Spradlin had signed or seen the deed and order for patent. The witness had just testified that "I saw on the top it says, 'Deputy Sheriff.'" "It said 'Deputy Sheriff, Dallam County;'" and that the paper bore the name of Farr and "he (Farr) was sheriff of Dallam county." There was other testimony, which was unquestioned, that Ferguson was a deputy sheriff for Dallam county. The jury could have understood Simmon's testimony only as meaning that the paper showed that Ferguson was a deputy sheriff for Dallam county, Tex. That he was such official was undisputed and could not have been doubted by the jury. The exhibit could have been at most only cumulative and as no one else testified to any such paper being shown (but denied such) the contents of the exhibit were in no sense corroborative of Simmons. It was not the contents of the paper which were in dispute but its presence. There was no prejudice in this rejection of the commission.

The third error claimed is refusal of a request to charge that an arrest for violation of the National Prohibition Act did not necessarily amount to a representation that the arresting officer was a deputy United States marshal. There was no place in the evidence for this instruction. The issue as to impersonation was clear cut and depended upon positive statements of authority and not upon inferences to be drawn from actions.

The fourth error claimed is that the court omitted from the charge as to the overt act that the deed and order were obtained because of the impersonation. The charge is not open to this criticism. After defining the conspiracy to be to procure these documents through impersonation of a United States deputy marshal, the court defined the overt act as being the obtaining of those documents "in furtherance of the conspiracy."

The fifth error claimed is that the proof failed because there was no showing that Ferguson was not a deputy marshal for a district other than New Mexico. This contention is frivolous.

The last error claimed is that the proof failed because it showed that the deed and order were worthless. Under the wording of the statute it is doubtful if the deed had to be a thing of value. But at the time it was procured it was of value although it became, through subsequent happenings, valueless.

The judgment is affirmed.