DIAMOND v. UNITED STATES and nine other cases.

Nos. 7746–7755.

Circuit Court of Appeals, Sixth Circuit.

April 11, 1938.

For former opinion, see 94 F.2d 1012.

Herman E. Kohen, of Cleveland, Ohio, for Max Diamond.

William J. Corrigan and Gerard Pilliod, both of Cleveland, Ohio, for Louis Rothkopf and Abraham Balaban.

Julian C. Ryer, of Chicago, Ill., for Albert Phillips.

C. F. McConnell, of Cleveland, Ohio, for Morris Phillips.

Henry Galen, of Cleveland, Ohio, for Morris Klein and Joe Kater.

Edward J. Hess, of Chicago, Ill., for Abraham Balaban.

860

Henry A. Pollack, of Cleveland, Ohio, for Philip Goldberg.

Stephen M. Young, of Cleveland, Ohio, for Harry Orloff.

Harry F. Glick, of Cleveland, Ohio, for Sam Gildar.

E. B. Freed, U. S. Atty., of Cleveland, Ohio, for the United States.

Before HICKS and SIMONS, Circuit Judges, and O'BRIEN, District Judge.

PER CURIAM.

These cases are before us upon petition to rehear. The petition states "of approximately 150 telephone conversations introduced in evidence, only four or five were interstate calls, the rest all being intrastate calls," and that the order made by which the cases were reversed is silent as to the effect of the Communications Act of 1934 upon intrastate calls. The declared purpose of the Communications Act was to regulate interstate and foreign commerce in communications by wire or radio. Section 605 thereof, 47 U.S.C.A. § 605, contains the provision, "And no person not being authorized by the sender shall intercept any communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person."

With reference to this provision the Supreme Court in Nardone v. United States, 302 U.S. 379, 58 S.Ct. 275, 276, 82 L.Ed. 314, December 20, 1937, said: "Taken at its face value the phrase 'no person' comprehends federal agents, and the ban on communication to 'any person' bars testimony to the content of an intercepted message."

It further said: "We nevertheless face the fact that the plain words of section 605 [47 U.S.C.A. § 605] forbid anyone, unless authorized by the sender, to intercept a telephone message, and direct in equally clear language that 'no person' shall divulge or publish the message or its substance to 'any person.' To recite the contents of the message in testimony before a court is to divulge the message. The conclusion that the act forbids such testimony seems to us unshaken by the government's arguments."

It seems to us that the privacy to be achieved by the mandate of the statute is the privacy of a conduit or instrumentality of interstate communication, though the same physical equipment may likewise be the means by which intrastate communications are made. The broad scope and constitutional validity of statutes have been sustained where instrumentalities serve both interstate and foreign commerce, even when applied in specific instances to transactions which are not interstate commerce. So the Federal Safety Appliance Act, 45 U.S.C.A. § 1 et seq., as an exercise of Federal power under the commerce clause has been held to extend to all vehicles used upon a highway of interstate commerce whether the vehicles themselves are so engaged or not, for the safety to be secured by the Act is the safety of the persons transported in interstate commerce, no matter what may be the source of the dangers which threaten it. Southern Ry. Co. v. United States, 222 U. S. 20, 25, 26, 32 S.Ct. 2, 56 L.Ed. 72; Texas & Pacific Ry. Co. v. Rigsby, 241 U.S. 33, 41, 36 S.Ct. 482, 60 L.Ed. 874.

It seems clear enough that the statute prohibits the interception by "wire tapping" of all telephone communications and the subsequent disclosure thereof by all persons except those authorized by the sender. Neither federal agents nor intrastate communications are excluded. If a federal agent is permitted to listen in on a telephone conversation, he of course hears all that is said regardless of whether the communication is interstate or intrastate in its nature. He is given an opportunity to hear and disclose that which he is forbidden to hear and disclose and to that extent the privacy which the Communications Act manifestly intends to secure for both interstate and foreign communications by telephone is destroyed.

The petition to rehear is denied.