UNITED STATES of America
v.
Charles V. GRIS, Defendant.

United States District Court
S. D. New York.
Nov. 19, 1956.

———◆———

Paul W. Williams, U. S. Atty. for Southern Dist. of New York, New York City, John D. Roeder, Executive Asst. U. S. Atty., New York City, of counsel, for the United States.

Hoffman, Buchwald, Nadel, Cohen & Hoffman, New York City, for defendant. Sanford H. Cohen, New York City, of counsel.

FREDERICK Van PELT BRYAN, District Judge.

The defendant moves to dismiss the indictment, or in the event that such motion is denied, to suppress certain evidence, and for a bill of particulars.

The indictment charges defendant with conspiring to violate and violating Sections 501 and 605 of Title 47 of the United States Code, 47 U.S.C.A. §§ 501, 605, which prohibit the unauthorized interception and divulgence of telephone communications. These sections make it a crime for any "person not being authorized by the sender" to. "intercept any communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person".

### 1. The motion to dismiss the indictment.

Defendant asserts that the indictment is insufficient as a matter of law because it does not contain a specific allegation that the telephone communications which were intercepted were interstate or foreign communications. He argues that there is no violation of Sections 501 and 605 where the intercepted communications are solely intrastate as distinguished from interstate or foreign. He maintains, therefore, that this Court has no jurisdiction without a specific allegation in the indictment that the intercepted communications with which it deals were interstate or foreign.

Both the defendant's premise and the conclusion which he seeks to draw from it are unsound.

Even if it be assumed that no Federal crime is committed under these sections unless interstate or foreign communications are involved, it is not necessary for the indictment to allege specifically that the intercepted communications were interstate or foreign. The recent opinion of the Court of Appeals of this Circuit in United States v. Varlach, 2 Cir., 225 F.2d 665, 669, is controlling on this question. There, defendants were charged with violation of the Hobbs Act,

18 U.S.C. § 1951, which makes it a crime to obstruct interstate commerce by extortion. The indictment in that case alleged only an obstruction of "commerce" and did not use the words "interstate" or "foreign" or any similar words of limitation on the word "commerce". The Court of Appeals sustained the indictment holding that such specific allegations were unnecessary and that since the indictment was sufficient to apprise the defendants of the charges they were required to meet, it was valid.

The indictment in the case at bar also sufficiently advises the defendant of the charge against him. It clearly and specifically informs defendant of the offenses charged, the dates and places where the alleged offenses were committed, and the persons with whom the defendant is alleged to have committed them. Like the indictment in the Varlach case, the indictment here is not invalid because it fails specifically to limit the communications alleged to have been intercepted to those in interstate or foreign commerce.

Quite apart from the semantics of the indictment, the premise upon which defendant's argument as to the semantics proceeds is unsound. His contention that no offense has been committed under these sections unless the intercepted communications were in fact interstate or foreign was rejected by the Supreme Court in Weiss v. United States, 308 U.S. 321, 60 S.Ct. 269, 84 L.Ed. 298. In construing the clause of Section 605 upon which this indictment is based the Supreme Court said:

"Plainly the interdiction thus pronounced is not limited to interstate and foreign communications. And, as Congress has power, when necessary for the protection of interstate commerce, to regulate intrastate transactions, there is no constitutional requirement that the scope of the statute be limited so as to exclude intrastate communications." 308 U.S. at page 327, 60 S.Ct. at page 271.

Again, 308 U.S. at page 329, 60 S.Ct. at page 272:

"We hold that the broad and inclusive language of the second clause of the section is not to be limited by construction so as to exclude intrastate communications from the protection against interception and divulgence."

Defendant maintains that the Weiss case is not applicable to the instant case because the Supreme Court there decided only that Section 605 prohibits the receipt in evidence of intercepted intrastate telephone communications against the sender of such communications who is charged with another substantive crime. The Supreme Court in the Weiss case held that Section 605 applied to intrastate communications. Section 501 makes it a Federal crime to do what is proscribed by Section 605. Since Section 605, which this defendant is charged with violating, covers intrastate as well as interstate communications, as the Supreme Court held in the Weiss case, the indictment charges this defendant with a crime whether the intercepted communications were intrastate or interstate. The same words in Section 605 cannot well be read as applicable to intrastate communications in one setting and not applicable to intrastate communications in another. The Weiss case is conclusive against the defendant's contention that the indictment is insufficient for failure to specify that the communications were interstate.[1]

*2. The motion to suppress evidence.*

Defendant also moves to suppress all evidence against him which involves any intercepted wire communications and to prohibit the divulgence of the existence, contents, substance, purport, effect and meaning of any such communications.

He asks a hearing pursuant to Rule 12(b) (4) of the Rules of Criminal Procedure, 18 U.S.C. to determine alleged issues of fact on this motion.

It is plain from the moving papers that the evidence which defendant seeks to suppress is that contained in wire communications which it is charged he himself intercepted or conspired to intercept, and that he was not himself the sender of any such communications or the intended recipient of them. Nevertheless, he argues that the use or divulgence of such communications against him upon a trial for violation of Section 605 of Title 47 of the United States Code, 47 U.S.C.A. § 605, is prohibited by the very same clause of Section 605 which he is charged with violating.

Defendant's reasoning, if accepted, would place an almost insurmountable burden in the way of prosecution for violations of Sections 605 and 501. It seems almost axiomatic that a prosecution under these sections for unauthorized interception and divulgence of wire communications would require the introduction in evidence of the communications so intercepted to establish the basic elements of the crime. On defendant's reasoning I would be forced to conclude that Congress, in adopting Sections 605 and 501, on one hand made it a crime to do the prohibited acts and, at the very same time, denied the Government the means to establish that the offense was committed.

The broad purpose of Section 605 was to outlaw practices "inconsistent with ethical standards and destructive of personal liberty." Nardone v. United States, 302 U.S. 379, 383, 58 S.Ct. 275, 277, 82 L.Ed. 314. This is not a case where the defendant's rights have been infringed

---

1. Defendant cites Valli v. United States, 1 Cir., 94 F.2d 687, certiorari dismissed 304 U.S. 586, 58 S.Ct. 1053, 82 L.Ed. 1547, as authority for his contention that intrastate communications are excluded from the proscription of sections 605 and 501. In so far as Valli is inconsistent with the Supreme Court opinion in Weiss, it is, of course, no longer valid authority. Indeed, the Supreme Court originally granted certiorari in Weiss because of a conflict of decisions among the circuits. The Supreme Court specifically mentions the Valli case as one of these conflicting decisions. 308 U.S. at page 326, note 5, 60 S.Ct. at page 271.

by an illegal wire tap of a communication to which he was a party. On the contrary, the defendant himself is charged with the illegal wire tap and he seeks to hoist himself by his own boot straps so as to avoid the consequences of his own illegality. None of the purposes or policy of the statute would be violated by permitting the fruits of defendant's own illegal act to be used against him. In fact, such purposes would be frustrated if they were not. The Congress could not have so intended.

■ The plain answer is that defendant, at his trial for the offense of interception and divulgence, has no standing to object to the use of wire communications to which he was not a party and which he himself intercepted or conspired to intercept. Defendant was neither the sender nor the intended recipient of the communications. The objection that Section 605 prohibits the use or divulgence of an intercepted communication may be interposed only by a participant in the communication, i. e., the person or persons sending the communication or who were intended to receive it. Goldstein v. United States, 316 U.S. 114, 121–122, 62 S.Ct. 1000, 86 L.Ed. 1312; United States v. Seeman, 2 Cir., 115 F.2d 371, 374.

Defendant's request that a hearing be ordered to determine the facts with regard to this phase of his application for relief must be denied. It is plain from the moving papers that the plaintiff has no standing to object to the use of these intercepted communications against him. There are no issues of fact to be determined at a hearing.

*3. The motion for a bill of particulars.*

■ The purpose of a bill of particulars is to apprise the defendant sufficiently of the charges against him to enable him to prepare his defense and plead in bar to a subsequent prosecution for the same offense. United States v. Klein, D.C.S.D.N.Y., 124 F.Supp. 476, 479. A bill of particulars may not be used as a device to obtain the Government's evidence in advance of trial.

As I have already mentioned, the indictment in this case is clear and specific. Its allegations are fully sufficient to inform the defendant of the crime charged, the times involved, the places where the alleged offenses were committed and the persons with whom the defendant conspired to commit them.

■ The defendant's 18 separate requests for particulars all call for details of the alleged crime. It is plain from the minutia of detail requested that the purpose of this motion is to require the Government to present its evidence in advance of trial. This will not be permitted.

Each of the defendant's three motions is denied in all respects.