Jack C. MASSENGALE, Appellant,

v.

UNITED STATES of America,
Appellee (two cases).

Nos. 12926, 12927.

United States Court of Appeals
Sixth Circuit.

Feb. 11, 1957.

Charles E. Lester, Jr. (of Lester & Riedinger), Newport, Ky., for appellant.

Thomas Stueve, Asst. U. S. Atty., Cincinnati, Ohio, Hugh K. Martin, U. S. Atty., Columbus, Ohio, George S. Heitzler, Jr., Cincinnati, Ohio, on brief, for appellee.

Before SIMONS, Chief Judge, and ALLEN and STEPHENS,* Circuit Judges.

PER CURIAM.

Defendant-appellant, hereinafter called defendant, was charged in the District Court of the Southern District of Ohio under counts 1, 2, 3, and 4 of Indictment 8874 with violating Title 18 U.S.C. § 912, on dates specified therein, by falsely assuming and pretending to be an officer and employee acting under the authority of the United States, namely, an agent of the Federal Bureau of Investigation. In Count 5 of Indictment 8874 it was charged that defendant, on or about September 12, 1955, not being authorized by the sender, willfully and knowingly intercepted telephone conversations and divulged their substance to certain persons named, in violation of 47 U.S.C.A. § 605 and Section 501. The jury found defendant not guilty on Counts 1, 2, and 4 and guilty on Counts 3 and 5 of Indictment 8874. The single count indictment, 8875, charged a violation of 47 U.S.C.A. § 605, that is, willfully intercepting and divulging telephone communications, not being authorized by the sender, upon a date preceding that charged in Count 5 of Indictment 8874. The jury found defendant guilty on the single count indictment 8875. The District Court sentenced defendant to imprisonment for one year and to pay a fine of $750.00 on Count 5 of 8874, and for three years on Count 3 of 8874, Title 18, Section 912. The sentence on Count 3 was to run consecutively with that under Count 5 of 8874, but sentence under Count 3 was suspended and defendant was placed on probation. Under Indictment 8875 the court sentenced de-

* Judge Albert Lee Stephens of the Ninth Circuit.

fendant to imprisonment for one year and to pay a fine of $750.00, this sentence running consecutively with that imposed under Count 5 of Indictment 8874.

■ Defendant contends that the verdict, judgment, and sentence under Count 3 charging false impersonation of a United States officer are supported by evidence so insufficient that the court should have sustained his motion for judgment of acquittal. This motion was made as to all counts of both indictments at the conclusion of the government's evidence and at the conclusion of all the evidence. As to the interception charge, defendant urges that, while Title 47 U.S.C.A. § 605, prohibits the use in evidence of telephone communications intercepted without authority of the sender, if this statute is construed to cover intrastate communications and carried to a logical conclusion it violates the constitutional prohibition against abridging freedom of speech. However, this court, in the case of Diamond v. United States, 108 F.2d 859, held to the contrary and the Supreme Court in Weiss v. United States, 308 U.S. 321, 60 S.Ct. 269, 84 L. Ed. 298, sustained the Diamond case holding.

■ Defendant's attack upon the sentence under Count 3, 8874, is more meritorious. We do not discuss any other count than Count 3 of Indictment 8874, because as to Counts 1, 2, and 4 of this indictment the jury found defendant not guilty. The jury found as to Count 3 of Indictment 8874 that defendant, in the presence of Grace Eilert, was guilty of the offense of impersonation of an agent of the Federal Bureau of Investigation. There is no evidence to sustain this finding.

Defendant was an employee of the Federal Detective Bureau, Inc. The evidence as to the transactions alleged to constitute impersonation of a United States officer or agent in no way sustained the charge of the indictment that defendant represented himself to be an agent of the Federal Bureau of Investigation. The badge defendant wore bore the words "Federal Detective Bureau, Inc." Grace Eilert, the witness involved in the charge of Count 3, testified that defendant stated he was from the "Federal Bureau." He gave the witness a telephone number, that of the Federal Detective Bureau, through which defendant was later promptly located. No evidence was presented that defendant at any point declared himself to be an agent of the Federal Bureau of Investigation or that defendant assumed and pretended to be an officer or employee acting under the authority of the United States.

The judgment and sentence under Count 3 of 8874 are set aside. The judgments and sentences under Count 5 of 8874 and under Indictment 8875 are affirmed.

The cases are remanded to the District Court for further proceedings not inconsistent with this opinion.