**UNITED STATES of America,**
**Plaintiff,**

v.

**Richard A. LIPINSKI, Defendant.**
**Cr. No. 19246.**

United States District Court
D. New Mexico.
April 15, 1957.

———◆———

Paul F. Larrazolo, U. S. Atty., Albuquerque, N. M., for the U. S.

McAtee, Toulouse & Marchiondo, Albuquerque, N. M., for defendant.

HATCH, Chief Judge.

An indictment consisting of three counts was returned by a Grand Jury of this district, charging the defendant, Lipinski, with certain offenses against the laws of the United States.

The first count of the indictment charged a conspiracy between defendant and another not made a defendant. The conspiracy count alleges the defendant and the other person conspired to "commit an offense against the laws of the United States, to-wit: to unlawfully violate 47 U.S.C.A. § 605 by having the defendant, Lipinski, intercept telephone conversations between a named person and others without authority of the person named, and to have the defendant divulge and publish the existence, contents," et cetera, of the intercepted communications. Three overt acts in furtherance of the alleged conspiracy are set forth in count one.

Counts two and three charge substantive offenses in violation of 47 U.S.C.A. § 605.

A motion to dismiss was filed and argued. The prosecution stipulated that all the communications alleged to have been intercepted were intrastate communications, and none were in either interstate or foreign commerce. It was agreed that the ruling on the motion to dismiss should be made in light of the stipulation that the alleged intercepted communications were intrastate telephone communications and not in interstate or foreign commerce.

In effect the motion to dismiss as submitted challenges the sufficiency of the indictment on the grounds that Section 605 is not violated by the interception and divulgence of intrastate communications.

A number of cases have been cited which construe and interpret Section 605. For the most part the authorities cited apply Section 605 to issues arising on the admissibility of evidence obtained by intercepted communications. Those cases generally hold that intercepted communications, including intrastate communications, are inadmissible in evidence by reason of the provisions of Section 605. But a rule of evidence is not dealt with on this motion. The question raised is whether an interception and divulgence of an intrastate telephone communication violates the provisions of Section 605 and subjects the offender to the penalties imposed by Section 501.

It should be stated it is agreed the telephone wires tapped were not mere local intrastate lines but were telephone facilities which also carried and transmitted telephone communications in both interstate and foreign commerce.

In an effort to make this memoranda as brief as possible I will not discuss the cases dealing with a rule of evidence alone. Only the authorities which deal more or less directly with the exact question presented and which have been called to my attention will be mentioned.

Although it does pass upon the admissibility of evidence there are some very strong and persuasive statements in the case of Weiss v. United States, 308 U.S. 321, 60 S.Ct. 269, 271, 84 L.Ed. 298. In this opinion the Supreme Court declares:

"The section consists of four clauses separated by semicolons. The pertinent one is the second: 'and no person not being authorized by the sender shall intercept any communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication

to any person;'. Plainly the interdiction thus pronounced is not limited to interstate and foreign communications. And, as Congress has power, when necessary for the protection of interstate commerce, to regulate intrastate transactions, there is no constitutional requirement that the scope of the statute be limited so as to exclude intrastate communications."

Further in the opinion it is held:

"We hold that the broad and inclusive language of the second clause of the section is not to be limited by construction so as to exclude intrastate communications from the protection against interception and divulgence."

In a recent case in the Circuit Court of Appeals of the Sixth Circuit, that of Messengale v. United States of America, 240 F.2d 781, 782, the Court said:

"Defendant contends that the verdict, judgment, and sentence under Count 3 charging false impersonation of a United States officer are supported by evidence so insufficient that the court should have sustained his motion for judgment of acquittal. This motion was made as to all counts of both indictments at the conclusion of the government's evidence and at the conclusion of all the evidence. As to the interception charge, defendant urges that, while Title 47 U.S.C.A. § 605, prohibits the use in evidence of telephone communications intercepted without authority of the sender, if this statute is construed to cover intrastate communications and carried to a logical conclusion it violates the constitutional prohibition against abridging freedom of speech. However, this court, in the case of Diamond v. United States, 6 Cir., 108 F.2d 859, held to the contrary and the Supreme Court in Weiss v. United States, 308 U.S. 321, 60 S.Ct. 269, 84 L.Ed. 298, sustained the Diamond case holding."

In another late decision by Judge Bryan of the Southern District of New York, United States v. Gris, D.C., 146 F.Supp. 293, 295, the contention was made, on a motion to dismiss, the indictment must allege that the intercepted communication was one occurring in interstate or foreign commerce. Judge Bryan specifically held that the indictment need not contain such allegations. Although that was the precise question decided by Judge Bryan, nevertheless he did consider the question raised by the defendant in the motion now under consideration. After quoting the language of the Supreme Court in the Weiss case, which I have hereinbefore set forth, Judge Bryan said:

"Defendant maintains that the Weiss case is not applicable to the instant case because the Supreme Court there decided only that Section 605 prohibits the receipt in evidence of intercepted intrastate telephone communications against the sender of such communications who is charged with another substantive crime. The Supreme Court in the Weiss case held that Section 605 applied to intrastate communications. Section 501 makes it a Federal crime to do what is proscribed by Section 605. Since Section 605, which this defendant is charged with violating, covers intrastate as well as interstate communications, as the Supreme Court held in the Weiss case, the indictment charges this defendant with a crime whether the intercepted communications were intrastate or interstate. The same words in Section 605 cannot well be read as applicable to intrastate communications in one setting and not applicable to intrastate communications in another. The Weiss case is conclusive against the defendant's contention that the indictment is insufficient for failure to specify that the communications were interstate."

 The foregoing authorities seem to hold clearly and conclusively that

the interdictions of 605 apply to the interception and divulgence of intrastate communications to the same extent as they apply to communications in interstate and foreign commerce. It is pointed out in the Weiss case that, when necessary to protect interstate and foreign commerce, the Congress has undoubted power to regulate intrastate commerce, and the exercise of that power of Congress, for such purpose, invades no constitutional right.

As was said in the Weiss case, by including the second clause of 605, the Congress indicates its intention to regulate intrastate commerce in the exercise of its power to protect and safeguard communications in interstate and foreign commerce.

In the light of the foregoing authorities and the reasoning behind the same the motion to dismiss in the pending case must be overruled.