**Richard A. LIPINSKI, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 5665.**

United States Court of Appeals
Tenth Circuit.

Jan. 8, 1958.

---

1. Sec. 1710, I.R.C.1939, as amended, 26 U.S.C.A. § 1710.

**54**

James R. Toulouse, Albuquerque, N. M. (McAtee, Toulouse & Marchiando, Albuquerque, N. M., was with him on the brief), for appellant.

Ruth C. Streeter, Asst. U. S. Atty., Albuquerque N. M. (James A. Borland, U. S. Atty., Albuquerque, N. M., was with her on the brief), for appellee.

Before BRATTON, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

BRATTON, Chief Judge.

The indictment in this case contained three counts. The first count charged that appellant conspired with one Matt A. Beller to intercept telephone wire communications between a named woman and others and to divulge and publish to another person the existence and contents of such communications without the authority of the persons between whom the communications took place. The second count charged that appellant intercepted a telephone communication between two persons and divulged and published to a third person the existence and substance of such communication without the consent or authority of either of the persons between whom the communication took place. The third count was dismissed and therefore no further reference need to be made to it. Appellant moved to dismiss the indictment upon the ground that it failed to charge a crime against the United States in that all of the telephone communications allegedly intercepted and published were within the State of New Mexico and therefore did not involve interstate commerce. The motion was denied D.C., 151 F.Supp. 145, and trial by jury was waived.

The cause was submitted to the court on stipulated facts. In respect to the charge contained in the first count, these facts were stipulated. Appellant agreed with Matt A. Beller that appellant would intercept telephone wire communications made by Leota Beller to other persons or by other persons to her without the consent of Leota Beller and the persons calling her. Such interception would be made on the telephone located at the

home of Leota Beller in Albuquerque, New Mexico, and appellant would divulge to Matt A. Beller the fact that telephone calls were made and would reveal to him the contents and substance of them. Appellant installed a tape recorder in a certain residence in Albuquerque for the purpose of having a telephone wire run from the home of Leota Beller to the tape recorder. Appellant engaged an employee of the telephone company to aid him in connecting the tape recorder with the telephone in the residence of Leota Beller, and appellant made the connection. And appellant attempted to intercept calls made to Leota Beller but was unable to do so. In respect to the charge contained in the second count of the indictment, these facts were stipulated. Appellant intercepted a telephone communication between Pearl Brewer in Albuquerque and another person and divulged and published to a third person the existence and substance of such communication without the consent or authority of the persons between whom the communication took place. And in addition, these facts were stipulated generally. There were two telephone systems in Albuquerque, one local and the other long distance. All of the telephone calls involved in both counts were intrastate, but all of the telephone lines and telephones could be used in interstate communications by simply dialing "o" and requesting the operator to connect the line with the interstate system. The court adjudged appellant guilty upon both counts, suspended imposition of sentence, and placed appellant on probation for a period of six months.

█ The contention urged for reversal of the judgment is that the indictment failed to charge an offense against the laws of the United States in that sections 501 and 605 of the Federal Communications Act of 1934, 48 Stat. 1064, 47 U.S.C.A. §§ 501, 605, do not make it a crime to intercept and divulge and publish intrastate telephone communications. All of the telephone communications referred to in the indictment were intrastate communications. But Congress has plenary power to enact appropriate legislation for the government of interstate commerce, for its protection and advancement, and for its growth and safety; and within the range of that power lies power to regulate intrastate activities when it is necessary for the protection of interstate commerce. Houston, East and West Texas Railway Co. v. United States, 234 U.S. 342, 34 S.Ct. 833, 58 L.Ed. 1341; United States v. State of Louisiana, 290 U.S. 70, 54 S.Ct. 28, 78 L.Ed. 181; National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 38, 57 S.Ct. 615, 81 L.Ed. 893; Weiss v. United States, 308 U.S. 321, 60 S.Ct. 269, 84 L.Ed. 298.

█ Section 605, supra, consists of four clauses, separated by semi-colons. The second clause provides that "no person not being authorized by the sender shall intercept any communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person;". And section 501 makes penal the doing or causing to be done anything prohibited or declared to be unlawful by the Act. In Weiss v. United States, supra, the question presented was whether upon the trial of a criminal case in the United States Court, a witness should be permitted to detail the substance of an intrastate telephone communication which was intercepted by wiretapping procedure. In determining that the evidence was not admissible, the court held that as Congress had power to regulate intrastate activities when necessary for the protection of interstate commerce, there was no constitutional requirement that the Act, supra, should be limited in a manner to exclude evidence relating to intercepted intrastate communications; and that the broad language of section 605 should not be limited by judicial construction in a manner to exclude intrastate communications from the protection against interception and divulgence. In Benanti v. United States, 355 U.S. 96, 78 S.Ct. 155, 2 L.Ed.2d 126, police officers, acting under state law, intercepted by wiretapping methods a telephone communication; and they were permitted to testify concern-

ing the substance of the conversations overheard. In reaching the conclusion that the testimony was improperly admitted, the court held in effect that the Act, supra, was a comprehensive scheme for the regulation of interstate commerce; and that in order to safeguard the interests protected under section 605, the portions of the statute pertinent to the case applied to both intrastate and interstate communications. One of the indictments in Massengale v. United States, 6 Cir., 240 F.2d 781, certiorari denied 354 U.S. 909, 77 S.Ct. 1296, 1 L.Ed.2d 1428, charged the interception of a telephone communication and the divulgence of its substance. Though not stated categorically in the opinion, it is fairly apparent that the telephone communication upon which the prosecution rested was intrastate rather than interstate in character. Treating the statute as having application to intrastate communications, the judgment and sentence imposed for its violation was affirmed. And in United States v. Gris, 2 Cir., 247 F.2d 860, the defendant was charged with the offense of intercepting by wiretapping procedure and divulging the substance of an intrastate telephone communication. Found guilty and sentenced, the defendant urged on appeal that section 605, supra, was limited in application to interstate communications and did not apply to intrastate telephone communications. Relying upon Weiss v. United States, supra, the court rejected the contention and held that the Act had application. While the result differed, the thrust of the contention advanced without success in each and all of these cases was that section 605 did not have application to intrastate telephone communications. In the Weiss and Benanti cases the result was that the evidence detailing the substance of the intercepted intrastate communications was not admissible. And in the Massengale and Gris cases, the result was that the interception and divulgence of intrastate communications constituted an offense punishable under the Act. But the contention presented and rejected in all of the cases was that the Act did not apply to intrastate communications. This unanimity of judicial expression makes it clear that in the circumstances presented here the Act has application to the interception and divulgence of the substance of intrastate telephone communications.

In a further effort to effectuate an overturn of the conviction, appellant urges that there was no showing that the telephones and telephone lines in question were used in interstate commerce. Fairly construed, the substance of the stipulation into which the parties entered was that the local telephone system and the long distance system were integrated parts of an aggregated system as a whole; and that the system as a whole was used in the channels of both intrastate and interstate activities. And the fact that the system consisting of the two constituent parts was used in both intrastate and interstate commerce did not derogate from the application of section 605 to the particular telephones or telephone lines referred to in the indictment.

The judgment is affirmed.