**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Daniel Salazar HESSBROOK, Jr.,
Defendant-Appellant.**

**No. 74–1491
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 16, 1974.

Lewis T. Tarver, Jr., San Antonio, Tex. (Court appointed), for defendant-appellant.

William S. Sessions, U. S. Atty., Wayne F. Speck, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Appellant Daniel Salazar Hessbrook was convicted by a jury on two counts of falsely representing himself to be a federal officer and arresting two persons, in violation of 18 U.S.C. § 913,[1]

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. Section 913 provides:
   Whoever falsely represents himself to be an officer, agent, or employee of the Unit-

and two counts of taking money from the same two persons under the same circumstances, in violation of 18 U.S.C. § 912.[2] The district court imposed a sentence of three years on each count, to be served concurrently. This appeal raises two issues which we discuss.[3] We affirm.

■ Hessbrook represented himself to Gregorio Quintana Barron and Ruben Moreno Ledesma, two poorly educated Mexican aliens who had entered this country illegally, as an F.B.I. agent looking for the Mexican murderer of an Anglo male. Hessbrook "arrested" Barron and Ledesma, drove them down to a deserted area along the Medina River near Macdona, Texas, threatened to kill them, then took most of their money and let them go. The general outline and implementation of Hessbrook's gambit, his self-identification as a government agent, and his intent to defraud[4] were incontrovertibly established by the testimony of Barron, Ledesma, and one Brown, Hessbrook's accomplice-turned-Government-witness. Hessbrook argues, however, that the evidence did not sufficiently identify him as a federal agent. We disagree. Barron and Ledesma speak only Spanish: their testimony was given through an interpreter, and Hessbrook had addressed them in Spanish while arresting and robbing them. Because of the language problem, and Ledesma's difficulty in reproducing the sounds F–B–I, there was some confusion at trial as to whether the victims re-

called Hessbrook as having identified himself as an agent of the "F.B.I." or the "S.B.I." or the "S.P.I." After a thorough review of the testimony, taking the evidence in the light most favorable to the government, we cannot conclude that a reasonably-minded jury must have doubted that Hessbrook falsely represented himself as an employee of the Federal Bureau of Investigation. *See* Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680, 704; United States v. Warner, 5 Cir. 1971, 441 F.2d 821, 825, cert. denied, 404 U.S. 829, 92 S.Ct. 2040, 30 L.Ed.2d 58.

■ Hessbrook argues additionally that the trial court erred in failing to charge the jury, in accordance with his proposed instructions, that the Government must prove beyond a reasonable doubt that the victims Barron and Ledesma believed that Hessbrook was "an officer or employee of the United States, as opposed to an officer or an employee of some other level of government." The able trial court charged the jury that in order to convict it must find beyond a reasonable doubt that Hessbrook falsely pretended to be an officer and employee of the Federal Bureau of Investigation, but the trial court did not accept the proposition that the victims' belief or understanding regarding the statutory roots of the F.B.I.'s authority constituted an element of the offenses charged.

It may be true that if a victim is aware that a pretended federal official

---

ed States, and in such assumed character arrests or detains any person or in any manner searches the person, buildings, or other property of any person, shall be fined not more than $1,000 or imprisoned not more than three years, or both.

2. Section 912 provides:
   Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States of any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined not more than $1,000 or imprisoned not more than three years, or both.

3. Appellant raises ten additional issues on this appeal: admissibility of certain testimony of witness Ledesma; characterization of a government witness as an agent of the "Federal Bureau of Investigation," not "F.B.I."; appellant's timing of his self-identification to his victims; introduction of a map into evidence; photographic identification; non-severance of the two counts on which appellant was acquitted; denial of appellant's motion for a bill of particulars; jury voir dire; bail pending appeal; admissibility of one government witness' self-characterization as a felon. After careful consideration, we find no merit in appellant's arguments on these points.

4. *See* United States v. Randolph, 5 Cir. 1972, 460 F.2d 367.

is actually a state, and not a federal, employee, then there could be no violation of §§ 912 or 913, since there would be no arrest or taking of property under the assumed character of a federal agent. *See* Ferguson v. United States, 8 Cir. 1923, 293 F. 361, 363. *Cf.* Massengale v. United States, 6 Cir. 1957, 240 F.2d 781. In the matter at bar, however, the appellant has never suggested that the victims believed that he was a state or city official: Hessbrook seeks to rely simply on the possible and untested inability of his victims to be sure that the Federal Bureau of Investigation was an exclusively federal operation.

We hold that the district court's instructions were ample. We think such a result is required by the omission in the statute of any language supporting the appellant's interpretation, and by the construction placed on the predecessor legislation by the Supreme Court in United States v. Barnow, 1915, 239 U.S. 74, 80, 36 S.Ct. 19, 22, 60 L.Ed. 155, 158, in upholding a conviction for obtaining money through false representation of a nonexistent federal office: "it is the aim of the [legislation] not merely to protect innocent persons from actual loss through reliance upon false assumptions of Federal authority, but to maintain the good general repute and dignity of the service itself." We refuse to sacrifice these aims by precluding application of these statutes to those who, while expressly identifying themselves as agents of a federal agency, may prey on victims insufficiently sophisticated to assure themselves of the distinctly federal character of that institution.[5]

Affirmed.

---

5. This conclusion is fully consistent with the holding in Heskett v. United States, 9 Cir. 1932, 58 F.2d 897, 902. In that case, the pretended immigration officials had not identified themselves as representing the federal government. Nevertheless, where there was ample testimony to show that [the defendants] represented themselves as immigration officers, with authority to inquire as to whether their intended victim was in possession of a passport, [the court concluded that] they held themselves out as acting under the authority of the United States . . . . Inasmuch as the federal government has exclusive jurisdiction over the question of passports, it was not necessary that they expressly represent themselves as "United States" immigration officers.

Hessbrook relies here on a jury instruction recited in *Heskett* to establish a requirement that the victim believe the pretended official to have acted under distinctly federal authority. This reliance is misplaced. First, as we read it, so much of that instruction as goes to the victim's belief regarding the pretender's authority is relevant only to making out an implied showing of impersonation in the absence of an express claim by the pretender to his federal office. Second, a review of the full discussion in *Heskett* reveals that the appellate court merely concluded that a jury finding in accordance with the trial court's instruction was *ample* to establish that the defendants "represented themselves as immigration officers with authority to inquire as to whether their intended victim was in possession of a passport."