Joseph M. WILLIAMS, Appellant,

v.

UNITED STATES, Appellee.

No. 14172.

District of Columbia Court of Appeals.

Argued May 23, 1979.

Decided July 19, 1979.

---

Kenneth E. Labowitz, Alexandria, Va., appointed by the court, for appellant.

William J. Birney, Asst. U. S. Atty., Washington, D.C., with whom Earl J. Silbert, U. S. Atty., Washington, D.C., at the time the brief was filed, and John A. Terry, Asst. U. S. Atty., Washington, D.C., were on brief, for appellee.

Before NEWMAN, Chief Judge, and HARRIS and FERREN, Associate Judges.

FERREN, Associate Judge:

A jury convicted appellant of false personation of a police officer. D.C. Code 1973, § 22–1304.[1] On appeal, he argues that (1) the indictment was fatally defective because it charged him with false personation of a "police officer" without specifying the type of police officer and, alternatively, that (2) the evidence was insufficient to support his conviction. We affirm.

**I.**

Deborah Grey testified that she was a prostitute and that on March 8, 1977, she was standing at the corner of 14th and Q Streets, N.W. She said that a man, later identified as appellant, beckoned to her from his car. She approached and negotiated with him for sexual acts for money. Once inside the car, she "asked him was he police and he said no." Appellant suggested that they go to a place at Fifth and N Streets, N.W., and Grey agreed. She then testified that when they arrived at Fifth and N, appellant

---

1. The jury acquitted appellant of a second count of such false personation.

told me that I was under arrest. And I said "Under arrest for what?" And he said for soliciting and then he said, "You know, if you give me [two sex acts], I won't take you to jail."

Grey asked what proof appellant had that he could arrest her. Appellant "pulled a badge out," and he "showed me this [badge] and his handcuffs." Grey told appellant that she would comply, but instead she reached down, grabbed his testicles, bit him, and "made him handcuff himself to the steering wheel." She then snatched the badge and ran back to 14th and Q Streets, where she flagged police officer Boyer and told him what·had happened. Grey later identified appellant at a lineup and in court.

Detective Garrett testified that he had examined the badge and an identification folder which Grey had taken from appellant. The badge was of silver metal, three inches by two inches. It had a representation of an eagle over a shield; the words "Special" and "Officer" appeared on scrolls above and below (respectively) a representation of the scales of justice. The folder contained a photographic identification card purporting to identify appellant as a uniformed security guard. Detective Garrett immediately recognized appellant as a janitor who worked at Third District headquarters.

Appellant was arrested later that same night and twice advised of his *Miranda* rights,[2] first at his residence and later at Third District headquarters. Detective Garrett testified that appellant initially admitted he had told Grey that he was a police officer, but then stated that he had told her he was a janitor.[3]

Geraldine Thomas Acting Director of Personnel for the Metropolitan Police Department, testified that she was responsible

for maintaining the police department records of employment and that a search of those records disclosed that appellant had never been a police officer. Herman Ogelsby, custodian of the MPD's records of employment of special police officers, testified that a search of those records revealed that appellant had never been employed as a special police officer.

Appellant testified on his own behalf, denying that he had ever told Grey that he was a police officer or that he was going to arrest her, and maintaining that Grey had stolen his badge and identification card from his glove compartment while he had been in a store to get change.

The jury convicted appellant. After reviewing a presentence report, the trial court sentenced appellant to five to fifteen months in prison but stayed execution of the sentence "until time for and/or of appeal runs."

## II.

Appellant argues that the indictment was defective under Super.Ct.Cr.R. 7(c) and the Fifth and Sixth Amendments to the Constitution. He claims that it failed to specify what type of "police officer" he was accused of falsely impersonating under D.C. Code 1973, § 22–1304, and therefore failed to provide adequate information about the charge for which he had to prepare a defense.[4] We disagree.

▆▆▆ The indictment against appellant read as follows:

On or about March 8, 1977, within the District of Columbia, Joseph M. Williams falsely represented himself to Deborah Grey to be a police officer, knowing the said representation to be false, and wrongfully attempted to perform the

---

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. The trial court, after a pretrial hearing on a motion to suppress these statements, ruled that the statements had been given voluntarily, and were therefore admissible. Appellant does not challenge this ruling.

4. D.C.Code 1973, § 22–1304, provides, in relevant part:

Whoever falsely represents himself to be a . . . police officer . . . and attempts to perform the duty or exercise the authority pertaining to any such office . . shall suffer imprisonment in the penitentiary for not less than one year nor more than three years.

duty and exercise the authority pertaining to such office.

Unless an indictment is "so deficient as to be 'totally lacking in the statement of an offense,'" an appellant's failure to object to it prior to trial will constitute a waiver of his right to that objection on appeal. *Nichols v. United States*, D.C.App., 343 A.2d 336, 341 (1975) (quoting *Bush v. United States*, D.C.App., 215 A.2d 853, 855 (1966)). If, however, the indictment does state the elements of the offense—as does the one here—and merely lacks particularity, an appellant may assert this lack of particularity on appeal if he made an objection at trial. *See Hsu v. United States*, D.C.App., 392 A.2d 972, 979 n.6 (1978); *Nichols, supra.*

Appellant did not move to dismiss this indictment before trial.[5] Similarly, he does not appear to have made a proper objection at trial. At trial, following the prosecutor's opening statement, defense counsel made an oral motion to "dismiss" and argued that the "opening statement of the government failed to make out the elements of the offense. It has never been alleged that the defendant said that he was a police officer." The trial court denied defendant's motion. The jury later convicted appellant of count one of the indictment. Appellant's motion to "dismiss," therefore, appears to have challenged only the sufficiency of the evidence and not the sufficiency of the indictment itself. However, even if we were to construe appellant's oral motion to "dismiss" at trial as a challenge to the sufficiency of the indictment, we would conclude—as elaborated below—that the indictment met all requirements of the Constitution and the rules of court.

Appellant argues that there are a dozen or so police forces functioning within the District of Columbia, and that the term "police officer" in the indictment, therefore, is impermissibly vague, for it fails to specify what type of police officer appellant is charged with impersonating. Actually, this argument has two elements. To the extent that appellant is accused of impersonating a "federal" police officer, such an offense, he says, is not covered by § 22–1304. To the extent that the accusation is impersonation of a "District" police officer, the indictment does not specify whether it is MPD Metro Transit Police, or the United States Capitol Police.[6]

If appellant is correct in arguing that § 22–1304 does not cover "federal" police forces—a question we do not decide—then his vagueness argument virtually disappears, for by his own statutory premise the indictment could not cover the multiplicity of federal police forces. On the other hand, if § 22–1304 does cover false personation of both federal and District police officers, his argument still fails, for the elements of the offense—false representation and attempt to exercise authority—have been sufficiently alleged in the indictment.

As a constitutional matter, an indictment must contain all the elements of the offenses charged and sufficiently apprise the defendant of the charges so that he or she can prepare to meet them. *Russell v. United States*, 369 U.S. 749, 763, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); *Nichols v. United States*, D.C. App., 343 A.2d 336, 340 (1975). Further, it must be clear enough, when coupled with the record of the proceedings, to preclude double jeopardy; *i. e.*, the nature of the acquittal or conviction based on the indictment must be sufficiently clear to bar future prosecution for the

**5.** Appellant originally was indicted for false personation of a police officer under D.C.Code 1973, § 22–1306 (fraudulent design). Trial counsel moved to dismiss this indictment on the ground that it failed to state the elements of the offense charged. The government then reindicted appellant with two counts under D.C.Code 1973, § 22–1304 (attempt to perform the duty or exercise the authority). The trial court then ruled on appellant's pending motion to dismiss, holding it was moot. Trial did not begin for almost one year. Appellant concedes that trial counsel did not file a motion to dismiss appellant's reindictment under § 22–1304.

**6.** Appellant characterizes the latter two as "hybrid"—Federal and District—police forces; he queries whether personation of these may be charged under D.C.Code 1973, § 22–1304, and/or under 18 U.S.C. § 912 (1976).

same crime (citations omitted). [*Hsu, supra* at 976–77.]

Similarly, under Rule 7(c), the indictment must provide a "plain, concise and definite written statement of the essential facts constituting the offense charged"; it must "descend to particulars", *Russell v. United States*, 369 U.S. 749, 765, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). The indictment stated the date (March 8, 1977), the place (District of Columbia), the person to whom appellant allegedly made the false personation (Deborah Grey), and allegations that appellant knew that his representation was false and that he wrongfully attempted to perform the duty and exercise the authority of a police officer. The indictment accordingly was sufficient. It contained all the elements of the offense, *see* D.C.Code 1973, § 22–1304, and sufficiently apprised appellant of the charge so that he could prepare to meet it; the indictment also was sufficient to protect appellant's double jeopardy right. *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *Russell, supra; Hsu, supra; Hackney v. United States*, D.C.App., 389 A.2d 1336, 1340–41 (1978); *United States v. Young*, D.C.App., 376 A.2d 809, 813–14 (1977); *Nichols, supra.* If appellant had any doubt about the charge, he could have "pursue[d] additional details, if needed, by way of a bill of particulars" (citations omitted). *Hsu, supra* at 977.

### III.

■ Appellant argues, alternatively, that the evidence was insufficient to support his conviction. Appellant, however, failed to make a motion for judgment of acquittal either at the close of the government's evidence or at the close of all the evidence.[7] Therefore, appellate review of the sufficiency of the evidence normally would be barred. *See Robinson v. United States*,

D.C.App., 357 A.2d 412, 415 n.2 (1976); *In re J.N.H.*, D.C.App., 293 A.2d 878, 880 (1972). Nevertheless, we give appellant the benefit of the doubt that the unsigned, apparently undocketed motion for judgment n.o.v. or, in the alternative, for a new trial, *see* note 7 *supra*, was before the court and thus suffices to save his right to argue sufficiency of the evidence on appeal.

■ Having reviewed the evidence in the light most favorable to the government, *see Franey v. United States*, D.C.App., 382 A.2d 1019, 1022–23 (1978), we conclude that it was sufficient for conviction. Ms. Grey's testimony, coupled with appellant's admission to Detective Garrett and the tangible evidence of the fake badge and the identification photo, was enough to establish the elements of the crime. This evidence was buttressed by the testimony that appellant had never been on the rolls as an M P D or special police officer.

■ The argument that the testimony by Ms. Thomas, custodian of the police department records, was inadmissible hearsay, in violation of Super.Ct.Cr.R. 27(b), is without merit. *See Taylor v. United States*, 83 U.S.App.D.C. 215, 217, 167 F.2d 752, 754 (1948). Appellant also fails in his argument that his "Special Officer" badge should not have been admitted into evidence. There was no defense objection at trial. Moreover, although Ms. Grey testified that she did not believe the badge was genuine, she did believe that appellant was trying to make her think he was a police officer—which is probative of the crime. *See Punch v. United States*, D.C.App., 377 A.2d 1353, 1358 (1977), *cert. denied*, 435 U.S. 955, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978).

■ Finally, appellant argues that the government did not provide sufficient evi-

---

7. The government has suggested that this court treat appellant's motion to "dismiss," made after the prosecutor's opening statement, as a motion for judgment of acquittal. Even if we do so, appellant failed, nevertheless, to renew the motion later at trial.

  It is questionable whether we should entertain appellant's argument that his post-trial

motion for a judgment n. o. v. or, in the alternative, for a new trial should substitute for a motion for judgment of acquittal. A motion for judgment n.o.v. or a new trial does appear in the record. However, it is not signed, there is no entry recording its filing on the court's docket, and there is no other evidence that it was actually filed with the court.

dence that he was not a member of one of the police forces other than the MPD. When the evidence shows that a defendant has announced himself as a police officer, displayed a false badge as well as handcuffs, and attempted to exercise a police function, the government has presented a prima facie case, *see Taylor, supra,* 83 U.S. App.D.C. at 217–18, 167 F.2d at 754–55, shifting the burden to the defendant to rebut the inference of false personation.[8]

*Affirmed.*

---

8. Appellant's reliance on *Massengale v. United States,* 240 F.2d 781 (6th Cir.) (per curiam), *cert. denied,* 354 U.S. 909, 77 S.Ct. 1296, 1 L.Ed.2d 1428 is misplaced. In that case, the evidence was insufficient for conviction because the defendant, an employee of the Federal Detective Bureau, Inc., had never represented himself to be an agent of the FBI, as alleged.