## WEST v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 24, 1926. Rehearing Denied June 21, 1926.)

No. 4745.

1. **Criminal law** ⟷1120(1)—**Sufficiency of affidavit and search warrant need not be considered, where record does not include testimony, or show whether evidence sought to be suppressed was admitted.**

Question of sufficiency of affidavit and search warrant need not be considered, where record fails to include testimony introduced, and does not advise court whether evidence sought to be suppressed was admitted.

2. **Criminal law** ⟷1149—**Indictment and information** ⟷121(1).

Motion for bill of particulars is matter addressed to discretion of court, and ruling thereon will not be reviewed, unless there was clear abuse of discretion.

3. **Indictment and information** ⟷121(2)—**It does not appear that court abused discretion in denying motion for bill of particulars, where indictment sufficiently informed defendant of nature and cause of action.**

Where indictment sufficiently informed defendant of nature and cause of action against

him, it does not appear that court abused discretion in denying motion for bill of particulars.

In Error to the District Court of the United States for the District of Arizona; George M. Bourquin, Judge.

W. T. West was convicted of unlawful possession of liquor, and he brings error. Affirmed.

Spencer B. Pugh, of Phœnix, Ariz., for plaintiff in error.

Geo. T. Wilson, Asst. U. S. Atty., of Phœnix, Ariz.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Writ of error to review a judgment against West, plaintiff in error, who was convicted of unlawful possession of liquor. In usual formal language the indictment charged that at Phœnix, Maricopa county, Ariz., on September 30, 1925, West unlawfully possessed about half a pint of intoxicating liquor, whisky, contrary to the form of the statute, etc. Three prior convictions were also charged.

[1] The principal assignment relied upon is that the court erred in denying a motion, made just before the jury was impaneled, to suppress "all evidence" obtained under the authority of the search warrant, upon the ground that the search and seizure were unlawful. An affidavit of defendant was filed with the motion. The record contains an affidavit for a search warrant and a warrant issued by a United States commissioner. But the question of the sufficiency of the affidavit and warrant need not be considered, for the record fails to include the testimony that was introduced at the trial, and in no way advises the court whether the evidence sought to be suppressed was admitted. We therefore cannot hold that defendant was prejudiced by the ruling upon the motion.

[2, 3] Defendant moved for a bill·of particulars. The motion was denied, and exception was saved. A motion for a bill of particulars is a matter addressed to the discretion of the court (Dunlop v. United States, 165 U. S. 487, 17 S. Ct. 375, 41 L. Ed. 799), and ruling thereon will not be reviewed, unless there has been clear abuse of discretion. As the indictment sufficiently informed defendant of the nature and cause of the action against him, it does not appear that the court abused its discretion in denying the motion. Horowitz v. United States (C. C. A.) 262 F. 48; Kettenbach v. United .States, 202 F. 377, 120 C. C. A. 505.

The judgment is affirmed.