### CUMMINGS et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 18, 1926. Rehearing Denied November 22, 1926.)

No. 4697.

1. **Indictment and information** ⟜121(1).

Ordering bill of particulars is within discretion of trial court as general rule.

2. **Criminal law** ⟜1105(1).

Where error in overruling motion to suppress evidence is assigned, record on which court acted must be authenticated or it cannot be considered.

3. **Criminal law** ⟜753(1).

Directed verdict *held* properly refused, where evidence was conflicting.

**4. Criminal law ⟂427(4)—In prosecution for conspiracy, declarations by each and all of defendants admitting conspiracy held competent.**

In prosecution for conspiracy to violate National Prohibition Act (Comp. St. § 10138¼ et seq.), declarations by each and all of defendants admitting conspiracy *held* competent, though declaration by one would not be competent or sufficient to prove conspiracy.

**5. Conspiracy ⟂41.**

Instruction that all conspiring defendants would be guilty of operating still actually operated by their agent, regardless of whether they were present, *held* proper.

**6. Criminal law ⟂666(5).**

It is not incumbent on government to produce all witnesses cognizant with facts where it has other evidence sufficient to convict.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

John Cummings and others were convicted of conspiring to violate the National Prohibition Act and of manufacturing intoxicating liquor, and they bring error. Affirmed.

John F. Dore and F. C. Reagan, both of Seattle, Wash., for plaintiffs in error.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

DIETRICH, District Judge. Defendants were convicted on two counts; one charging conspiracy to violate the National Prohibition Act (Comp. St. § 10138¼ et seq.), and one for the manufacture of intoxicating liquor.

[1] The first assignment is that the court erred in declining to order a bill of particulars. Generally this is a matter within the sound discretion of the trial court, and, while some of the data asked for might very properly have been ordered, we cannot say that the action of the court amounted to an abuse of discretion.

[2] It is next contended that there was error in overruling defendant Welch's motion to suppress evidence. There is no reference in the bill of exceptions to a motion to suppress or to any showing made in support thereof. There are in the printed transcript what purport to be such a motion, a supporting affidavit, and an order overruling the motion, but there is no identification in the order, or otherwise, of the record upon which it is based; nor does it appear that any exception was taken. Not infrequently the showing in such cases is made by both affidavit and oral testimony; and either by formal bill of exceptions or in some other manner the record upon which the court acted must be authenticated or we cannot consider it. If we take the certificate to the bill of exceptions literally, it would exclude consideration of anything not embraced therein, for it states that the bill "contains all material facts, matters, things, evidence, and exceptions thereto material to each and every assignment of error made by the defendants," one of which is the assignment in question. If we were to take cognizance of the warrant and affidavit set forth in the transcript, it would be sufficient to say that they measure up to the rule of Giacolone v. U. S. (C. C. A.) 13 F.(2d) 108. The principal point urged by the defendant is that the place searched was his home, but, if we resort to the facts disclosed in the bill of exceptions, it would appear to have been a distillery, with residence only a pretense.

[3] The further contention that the evidence is insufficient and that a verdict for defendant should have been directed is without merit. The most that can be said is that the testimony is highly conflicting; that for the government, if believed by the jury, was abundant to support the verdict.

[4] Both here and in respect to one of the assignments relating to the instructions given by the court, defendants rely upon the proposition that the formation of the conspiracy could not be established by declarations of the defendants. True, a declaration by a single defendant would not be competent as against the others, or sufficient in itself to prove the conspiracy. But, in harmony with the court's instructions, if they each and all, though separately, admitted or declared the existence of the alleged conspiracy, such declarations would be competent, and, taken together with the conduct of the parties and other circumstances, might very well constitute the most convincing evidence. While the instruction just referred to and made the subject of assignment No. 5 is not fully comprehensive, plainly, no criticism, other than the one just discussed, is suggested in the exception taken.

[5] Exception was also taken to the following instruction:

"If a conspiracy was entered into, and this still was operated in this house, if you find it was operated, all of the defendants would be guilty of operating that still, as

charged in count 4, whether they were ever present at the premises or not. It is immaterial where they were, if a conspiracy was entered into to operate this still, and Welch was placed there to operate it, then he acted as the agent for all the parties who are in the conspiracy, and they would all be guilty."

And to the declination of the court to give the following request:

"I instruct you that on counts II, III, and IV, charging the doing of a certain completed thing, no defendant can be convicted unless he did the thing, or unless he aided, abetted, counseled, commanded, induced, or procured the doing of that thing. One is not guilty who gives his assent to the doing of a criminal act. Under these three counts each of the words 'aid,' 'abet,' 'counsel,' 'command,' 'induce,' and 'procure,' signify some form of overt act, the doing of which, either directly or indirectly, contributes to the criminal act some form of demonstration that expresses affirmative action, not mere approval or acquiescence."

In the light of the other instructions and the evidence, and the theory of the government, there was no error in giving the one or refusing the other. The theory of the government, strongly supported by the evidence of its witnesses, was that the defendants entered into a conspiracy to manufacture and sell intoxicating liquor, and pursuant thereto the stills were set up and used in Welch's house, but most of the liquor was sold at a different place. While the instruction complained of does not in express terms state that if a conspiracy was entered into and these stills were operated in Welch's house *pursuant thereto,* such was the clear intent, and the jury must have so understood. Such being the theory of the government, and such being the evidence, the re-

quested instruction was scarcely pertinent and quite needless.

[6] The last assignment is that the court declined the following request:

"You are instructed that the evidence of the government in this case shows that an informer accompanied the government agents and bought liquor from certain of these defendants. The informer was not produced by the government. You are instructed that it is the rule of law that it is incumbent upon a party to a lawsuit to produce all witnesses cognizant with the facts; and, where a party fails to produce any such witness you have a right to assume that, if said witnesses were produced, their testimony would be contrary to the claims of the party failing to produce him."

We know of no rule of law "that it is incumbent upon a party to a lawsuit to produce all witnesses cognizant with the facts." Such a rule would impose upon a party the burden and expense of producing cumulative testimony, and of every witness, however slight his knowledge of the facts might be. There is no showing that the witness referred to was available, and it was entirely proper for the government to rely upon the testimony introduced, which was abundant, without going to the expense of searching for and producing such witness. It may be true that, where the evidence is vague and needs explanation, and a party has it peculiarly within his power to produce a witness whose testimony would clear up the uncertainty, or has in his possession documents which would elucidate the transaction, his failure to produce such witness or such documents would authorize the presumption referred to in the request. Graves v. U. S., 150 U. S. 118, 14 S. Ct. 40, 37 L. Ed. 1021. But this is not such a case.

The judgments are affirmed.