## CREECH v. UNITED STATES.[*]

### No. 8762.

Circuit Court of Appeals, Fifth Circuit.

June 17, 1938.

---

[3] Paragraph 7 of the Statement of Demand is as follows:

"That thereafter the Commissioner of Internal Revenue considered said claim for refund, and determined that the taxes for 1920 had been overassessed and over-paid in the sum of $14,833.68, and that the correct amount of income and profits taxes for said year was $39,010.79, whereas plaintiff had been assessed and had paid the sum of $53,844.47."

[*] Rehearing denied July 25, 1938.

R. A. Hendricks, of Miami, Fla., for appellant.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Lloyd C. Hooks, Asst. U. S. Atty., of Miami, Fla., for the United States.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a conviction on an indictment in two counts charging possession and concealment of tax-unpaid intoxicating liquor.

Agents of the Government executed a valid search warrant for the search of appellant's dwelling. The warrant accurately described the premises to be searched. No contraband was found in the house or on the lot described; but the officers found three gallons of liquor, upon which the charge was based, in an open space adjoin-

ing appellant's property, and some twenty feet from the dividing line. A motion to suppress the evidence and quash the indictment was filed prior to the date of the trial. The matter came on for hearing before the court, and, on a waiver of jury trial, the proceeding to suppress the evidence and quash the indictment was heard with the cause on the merits. The court denied the motion, found the defendant guilty, and imposed sentence. This appeal is from the judgment thus entered.

Appellant contends that the evidence did not support the finding of guilty; that, since the officers were acting under a search warrant at the time of the search, they could not search premises not described therein; and that the seizure of the whiskey used as evidence against him was unlawful and the evidence inadmissible.

The proof on which appellant was convicted was the finding of the liquor, and testimony that on numerous occasions he had gone on the lot where the liquor was found, had obtained objects or articles resembling liquor containers and dispatched them in the direction in which they would go for delivery to purchasers, and that on numerous other occasions he had directed and assisted persons in finding liquor at that location. It also appeared that containers and materials used and suitable for use in dealing in tax-unpaid liquor were found on appellant's premises when the search was made. None of this was questioned or denied by appellant. His defense on the merits consisted of a denial of ownership, possession, or concealment of the liquor in question. While the proof is circumstantial, we think it is sufficient to warrant a finding that it negatives every reasonable hypothesis except that of the guilt of appellant. The finding of the district court on this issue should not be disturbed.

As to the ruling on the motion to suppress, it is noted that the three gallons of liquor were found on open and unoccupied premises where a search could have been made without a warrant. The office of the writ is to authorize and make lawful that which legally could not have been done without its issuance. It is permissive but not restrictive. While it authorizes no more than is expressed in or implied from the language used, it does not forbid or prohibit that which would be lawful if it had never been issued. In this case, the search of the vacant lot was val-

392

id without a warrant. The fact that a lawful search of other premises was in progress at the time does not affect the validity of the seizure. Moreover, appellant disclaims ownership of the premises searched. In this situation, he cannot be heard to complain. Cantrell v. United States, 5 Cir., 15 F.2d 953; Gowling v. United States, 6 Cir., 64 F.2d 796; Whitcombe v. United States, 3 Cir., 90 F.2d·290.

The judgment of the district court is affirmed.