**John Rogers MacKENZIE, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 14745.

United States Court of Appeals
Ninth Circuit.

May 2, 1957.

Gladstein, Andersen, Leonard & Sibbett, Norman Leonard, San Francisco, Cal., John Rogers MacKenzie, Portland, Or., in pro. per., for appellant.

C. E. Luckey, U. S. Atty., Robert R. Carney, Asst. U. S. Atty., Portland, Or., for appellee.

Before FEE, CHAMBERS and HAMLEY, Circuit Judges.

CHAMBERS, Circuit Judge.

This is the third case in a series having similar facts involving conviction for refusal to answer questions propounded by a Congressional committee. All involve the question of Fifth Amendment coverage.

The first case was Simpson v. United States, 9 Cir., 241 F.2d 222. The second was Wollam v. United States, 9 Cir., 244 F.2d 212.

To give the setting as the trial court had it, we set forth the record of the examination of MacKenzie which was received in evidence:

"Testimony of John MacKenzie, Accompanied by His Attorney,
Irvin Goodman

"Mr. Kunzig. Would you give your full name please, sir?

"Mr. MacKenzie. John MacKenzie.

"Mr. Kunzig. Would you spell it please?

"Mr. MacKenzie. M-a-c-K-e-n-z-i-e.

"Mr. Kunzig. I notice that you are accompanied by counsel. Would counsel please state his name and office address for the record?

"Mr. Goodman. My name is Irvin Goodman. My Portland address is Portland Trust Building. Telephone Atwater 7494.

"Mr. Velde. Thank you, sir.

"Mr. Kunzig. Mr. MacKenzie, what is your present residence?

"Mr. MacKenzie. Mr. Chairman, I refuse to answer that question for the following reasons: On the grounds of the fifth amendment, I refuse to answer that question upon the grounds of the first and the fifth amendments.

"Mr. Kunzig. I respectfully request, Mr. Chairman, that the witness be directed to answer the question as to what is his residence.

"Mr. Velde. Yes, again that is a simple question, one that you can understand, one that this committee is entitled

to ask under the law, and you are, therefore directed to answer the question.

"Mr. MacKenzie. Mr. Chairman, I respectfully submit I decline to answer that question on the same grounds.

"Mr. Kunzig. Mr. Reporter, in order to be absolutely certain because of the possibility of a contempt citation here of the question would you go back and repeat the question as I asked it first before the direction of the chairman that the man should answer the question. I want to be sure that I used the same words.

(The question is repeated as follows:)

" 'Mr. MacKenzie, what is your present residence?' "

"Mr. Kunzig. The question was, 'What is your present residence?' You then refused to answer and in order that the same exact words may be asked again, Mr. Chairman, I respectfully ask again that the witness be directed to answer the question: What is your residence, your present residence?

"Mr. MacKenzie: Mr. Counsel, I refuse to answer that question on the grounds of the fifth amendment.

"Mr. Kunzig. Would you so direct the witness, Mr. Chairman, please?

"Mr. Velde. Yes, you are directed to answer that question as to your residence.

"Mr. MacKenzie. Mr. Chairman, I refuse to answer that question on the grounds of the fifth amendment.

"Mr. Kunzig. Mr. MacKenzie, where are you employed?

"Mr. MacKenzie. Mr. Counsel, I refuse to answer that question on the grounds of the fifth amendment.

"Mr. Velde. You are directed to answer that question. Again this committee certainly has the legal right to determine your legal employment.

"Mr. MacKenzie. Mr. Chairman, I refuse to answer that question on the grounds of the fifth amendment.

"Mr. Kunzig. Were you ever a member of the John Reed Club of the Communist Party?

"Mr. MacKenzie. Mr. Counsel, I refuse to answer that question on the grounds of the fifth amendment.

"Mr. Kunzig. Did you ever attend Reed College?

"Mr. MacKenzie. I refuse to answer that question on the grounds of the fifth amendment.

"Mr. Kunzig. Mr. Chairman, I didn't know that it was incriminating to attend Reed College. I therefore respectfully request that the witness be directed to answer the question.

"Mr. Velde. Yes, the witness is directed to answer that question.

"Mr. MacKenzie. Mr. Chairman, if I may, I refuse to answer that question on the grounds of the fifth amendment.

"Mr. Velde. I want to say right here, I would like to make the statement, that as far as Reed College is concerned let there be no inference drawn of disloyalty on the part of any of the professors or students at Reed University unless there is actual evidence presented here concerning subversive influences. The fact that there might be some Communists on the campus at the Reed University is no different from any other educational institution in the country. I, therefore, want it particularly known that people in this community and elsewhere should not draw any unreasonable inferences of disloyalty on the part of Reed University generally.

"We are interested, as I said before, in uncovering communistic activities, subversive activities, wherever they might be found and we will continue along that line. We are not investigating education by any stretch of the imagination in any way.

"Proceed, Mr. Counsel.

"Mr. Kunzig. What is your present age, sir?

"Mr. MacKenzie. Mr. Counsel, I refuse to answer that question on the grounds of the fifth amendment.

"Mr. Kunzig. Mr. Chairman, I respectfully request that the witness be directed to answer the question as to his age.

"Mr. Velde. Certainly you are directed to answer the question as to your present age.

"Mr. MacKenzie. Mr. Chairman, I refuse to answer the question on the grounds of the fifth amendment.

"Mr. Velde. You're just not going to answer any question; are you?

"Mr. MacKenzie. Mr. Chairman, if you'll ask the questions I will give my answers.

"Mr. Velde. If I ask the questions, you'll what?

"Mr. MacKenzie. Give my answers.

"Mr. Velde. Well, all right, I will. Have you ever been a member of the Communist Party?

"Mr. MacKenzie. Mr. Chairman, I refuse to answer that question on the grounds of the fifth amendment.

"Mr. Velde. Now you just got through telling me that you would; if I'd ask you the questions you would answer them. Now you refuse to answer them. Go ahead, Mr. Counsel.

"Mr. Kunzig. Isn't it a fact, Mr. MacKenzie, that Communist Party meetings were held in your home?

"Mr. MacKenzie. Mr. Chairman, I refuse to answer that question on the grounds of the fifth amendment.

"Mr. Kunzig. Mr. MacKenzie, isn't it a fact that you have been a member of the Communist Party within the knowledge of this committee to at least February of 1954?

"Mr. MacKenzie. Mr. Chairman, I refuse to answer that question on the grounds of the fifth amendment.

"Mr. Kunzig. Mr. Chairman, I have no further questions to ask of this witness.

"Mr. Velde. Do you have any questions, Mr. Frazier?

"Mr. Frazier. No questions.

"Mr. Velde. I have no further questions and the witness is discharged. I would like to make a statement that the testimony of the witnesses who appear here before the committee will be studied at a later date to resolve the question of contempt. At the present time we do not have a quorum of the full committee here, we do not have the time otherwise to make a study of this testimony and it will have to be in executive session at a later date. However, I must say that in my opinion, my humble opinion, there certainly has been contempt of the congressional committee and contempt of Congress displayed here today.

"Mr. Kunzig. Mr. Chairman, just so that the record is clear, I want the record to show—you just mentioned there wasn't a quorum of the full committee and I want that to be clearly understood. There is, of course, a quorum of the subcommittee.

"Mr. Velde. Yes, certainly, that is the case. The recommendation has to be made by a quorum of the full committee after being submitted by a quorum of the subcommittee which is present here.

"Do you have anything more for today, Mr. Counsel?

"Mr. Kunzig. No. Mr. Chairman, except for the fact that you have already stated. We will study the MacKenzie and Dyhr cases which are clear contempt matters."

MacKenzie was indicted and convicted on four counts for refusing to answer four questions:

1. Mr. MacKenzie, what is your present residence?

2. Mr. MacKenzie, where are you employed?

3. Did you ever attend Reed College?

4. What is your present age, sir?

██ Identical concurrent prison sentences were imposed. A fine of $250 was assessed on the first count. As pointed out in Simpson and Wollam, if the conviction can stand on count one, we need go no further.

On the appeal the defendant makes all of the points we had in Wollam except it is not here contended that there was no direction by Chairman Velde to the witness to answer.

What has been said in Wollam's case is applicable here. It can be said that the question propounded to Mac-Kenzie on his age stands on the same footing as the one as to his residence. The two, as to legal consequence, seem indistinguishable. On the other two counts and the questions which precipitated them, we express no opinion.

Judgment affirmed.