James Butler **ELKINS** and Raymond Frederick Clark, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 15738.

United States Court of Appeals Ninth Circuit.

April 27, 1959.

Rehearing Denied May 28, 1959.

See also 250 F.2d 145.

Walter H. Evans, Jr., Burton J. Fallgren, Portland, Or., for appellants.

C. E. Luckey, U. S. Atty., Portland, Or., for appellee.

Before MATHEWS, CHAMBERS and HAMLIN, Circuit Judges.

MATHEWS, Circuit Judge.

On February 4, 1957, in the United States District Court for the District of Oregon, appellants (James Butler Elkins and Raymond Frederick Clark), hereafter called defendants, were indicted in nine counts. On February 18, 1957, defendants were arraigned, pleaded not guilty and were granted permission "to move against the indictment" on or before March 18, 1957.[1] Defendants did not so move on or before March 18, 1957.

On March 19, 1957, defendants filed a motion improperly entitled "Motion to dismiss the indictment."[2] On March 29, 1957, defendants filed a motion improperly entitled "Supplemental motion to dismiss the indictment."[3] The motion of March 19, 1957, was denied on April 2, 1957. The motion of March 29, 1957, was denied on April 12, 1957.

On March 25, 1957, defendants filed a motion improperly entitled "Motion for return of seized property and suppression of evidence."[4] That motion was denied on April 12, 1957.

[1]. See Rule 12(b) (3) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

[2]. Actually, the motion of March 19, 1957, was not a motion to dismiss the indictment, but was a motion (1) to dismiss counts 2–9 of the indictment and (2) for a bill of particulars if counts 2–9 were not dismissed.

[3]. Actually, the motion of March 29, 1957, was the first and only motion of defendants to dismiss the indictment.

[4]. Actually, the motion of March 25, 1957, was not a motion for return of seized

On March 12, 1957, the case was set for trial on March 26, 1957. On March 18, 1957, defendants filed a motion for continuance, thereby seeking postponement of the trial to a date at least 90 days after March 26, 1957—in other words, to June 24, 1957, or later. On March 20, 1957, the District Court ordered the trial postponed to April 16, 1957, thus granting in part and denying in part the motion of March 18, 1957. On April 13, 1957, each defendant filed a motion for continuance, thereby seeking postponement of the trial to a date at least 30 days after April 16, 1957—in other words, to May 16, 1957, or later. The motions of April 13, 1957, were denied on April 15, 1957.

Defendants had a jury trial beginning on April 16, 1957, and ending on May 11, 1957. On May 9, 1957, at the close of the evidence offered by the Government, defendants moved for judgments of acquittal. Thereafter, on May 9, 1957, counts 3 and 4 of the indictment were dismissed, and the motions for judgments of acquittal were denied. No evidence was offered by either defendant. However, on May 10, 1957, the motions for judgments of acquittal were renewed and again denied. Thereafter the case was argued, the jury was charged, and on May 11, 1957, a verdict was rendered finding defendants guilty on counts 1, 2 and 5–9 of the indictment.

On May 15, 1957, the time for filing a motion for a new trial and a motion in arrest of judgment was extended to May 21, 1957.[5] On May 16, 1957, defendants renewed their motions for judgments of acquittal.[6] On May 21, 1957, defendants filed a motion for a new trial and a motion in arrest of judgment. On May 24, 1957, two judgments of conviction were entered—one against Elkins and one against Clark.

The judgment against Elkins sentenced him on count 1 to be imprisoned for a period of ten months and to pay a fine of $1,000; on count 2 to be imprisoned for a period of ten months and to pay a fine of $1,000; on each of counts 5–9 to be imprisoned for a period of six months; the two periods of ten months each to run consecutively; the five periods of six months each to run concurrently with each other and with the second period of ten months. Thus Elkins was sentenced to be imprisoned for a total period of twenty months and to pay fines totaling $2,000.

The judgment against Clark sentenced him on count 1 to be imprisoned for a period of four months and to pay a fine of $250; on count 2 to be imprisoned for a period of sixty days and to pay a fine of $250; on each of counts 5–9 to be imprisoned for a period of sixty days; the period of four months and the first mentioned period of sixty days to run consecutively; the five remaining periods of sixty days each to run concurrently with each other and with the first mentioned period of sixty days. Thus Clark was sentenced to be imprisoned for a total period of four months and sixty days and to pay fines totalling $500.

On June 17, 1957, the District Court entered an order denying the motions for judgments of acquittal, the motion for a new trial and the motion in arrest of judgment. On June 18, 1957, the District Court entered supplemental judgments, supplementing the judgments of May 24, 1957, by adding to and including in each of them an award of costs to the Government. These appeals are from the judgments of May 24, 1957, and the supplemental judgments of June 18, 1957.[7]

property and suppression of evidence, but was a motion for an order directing that certain property be suppressed as evidence against defendants. No return of property was sought.

5. See Rules 33 and 34 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

6. See Rule 29(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

7. Defendants obtained many extensions of the time for filing the record and docketing the appeals. Consequently, the record was not filed, nor were the appeals docketed, until May 28, 1958. Defendants' brief was not filed until October 31, 1958.

Defendants' brief contains 15 specifications of error.[8] These will be considered in such order as may seem to us convenient.

Specification 14 says that the District Court erred "in failing to allow specification VI of defendants' motion to dismiss the indictment." The only motion of defendants to dismiss the indictment was the motion of March 29, 1957.[9] There was no "specification VI" of that motion.

Specification 14 also says that the District Court erred "in failing to allow defendants' motion in arrest of judgment," meaning, we suppose, that the District Court erred in denying the motion in arrest of judgment.

■ The stated ground of the motion in arrest of judgment was, in substance, that each count of the indictment failed to charge an offense against the United States. As indicated above, counts 3 and 4 of the indictment were dismissed at the close of the evidence offered by the Government. Furthermore, as indicated above, the sentences on counts 5–9 of the indictment added nothing to the sentences on counts 1 and 2. Hence, in so far as the motion in arrest of judgment related to counts 3–9, its denial—right or wrong—did not prejudice defendants. Hence we are not required to decide whether counts 3–9 charged offenses

against the United States.[10] There remain for consideration counts 1 and 2.

Count 1 alleged: "That from on or about the 1st day of August, 1955, and continuously thereafter up to and including the month of July, 1956, in the District of Oregon, [defendants] did unlawfully, willfully and knowingly conspire, combine, confederate and agree together and with each other and with diverse other persons whose names are to the Grand Jury unknown, to commit certain offenses against the United States of America, to-wit: to intercept wire communications and divulge and publish the existence, contents, substance, purport, effect and meaning of said intercepted wire communications of others, without the authority of the senders of said communications, in violation of [47 U.S.C.A. §§ 501 and 605]; contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States of America. * * *"

Count 1 further alleged that it was a part of the conspiracy that certain acts would be done by defendants. These acts were described in four paragraphs of count 1 numbered 2 to 5, inclusive. Count 1 further alleged that, to effect the object of the conspiracy, eight overt acts were done—six by Elkins, one by Clark and one by both defendants. These acts were described in eight paragraphs of count 1 numbered (1) to (8), inclusive.

8. Our Rule 18 (formerly Rule 20) 28 U.S. C.A., provides:

"1. Counsel for the appellant shall file with the clerk of this court 20 copies of a printed brief * * *

"2. This brief shall contain * * *

"(d) In all cases a specification of errors relied upon which shall be numbered and shall set out separately and particularly each error intended to be urged. When the error alleged is to the admission or rejection of evidence the specification shall quote the grounds urged at the trial for the objection and the full substance of the evidence admitted or rejected, and refer to the page number in the printed or typewritten transcript where the same may be found. When the error alleged is to the charge of the court, the specification shall set out the part referred to totidem verbis, whether

it be in instructions given or in instructions refused, together with the grounds of the objections urged at the trial. * * * *"

9. The denial of the motion of March 29, 1957, is not specified as error.

10. Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321; Haid v. United States, 9 Cir., 157 F.2d 630; Jaynes v. United States, 9 Cir., 224 F.2d 367; Toliver v. United States, 9 Cir., 224 F.2d 742; Paquet v. United States, 9 Cir., 236 F.2d 203; Simpson v. United States, 9 Cir., 241 F.2d 222; Chin Bick Wah v. United States, 9 Cir., 245 F.2d 274; Donaldson v. United States, 9 Cir., 248 F.2d 364; Robinson v. United States, 9 Cir., 262 F.2d 645; Stein v. United States, 9 Cir., 263 F.2d 579.

■ Thus count 1 charged an offense against the United States, namely, a violation of 18 U.S.C.A. § 371.[11]

■ Count 2 alleged: "That [defendants], on or about August 23, 1955, in the District of Oregon, did knowingly, willfully and unlawfully, without authority of the senders thereof, intercept and record or cause to be intercepted and recorded, wire communications between William M. Langley and Thomas E. Maloney, and divulge or cause to be divulged the existence of such intercepted communications to others, to-wit: William M. Langley, Clyde C. Crosby and others whose names are to this Grand Jury unknown; contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States of America." Thus count 2 charged an offense against the United States, namely, a violation of 47 U.S.C.A. §§ 501 [12] and 605.

■■ The relevant provision of § 605 —the provision on which count 2 was based—is that "no person not being authorized by the sender shall intercept any communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." As used in this provision, the term "any communication" includes intrastate communications.[13] Defendants therefore contend that this provision is unconstitutional. There is no merit in this contention.[14]

Specification 1 says that the District Court erred "in denying defendants' motion to dismiss (or in the alternative) a motion to require the Government to furnish a bill of particulars in certain instances," meaning, we suppose, that the District Court erred in denying the motion of March 19, 1957—the motion which sought (1) dismissal of counts 2–9 of the indictment and (2) a bill of particulars if counts 2–9 were not dismissed.

The stated ground of that part of the motion of March 19, 1957, which sought dismissal of counts 2–9 was, in substance, that counts 2–9 failed to charge offenses against the United States. We have shown that count 2 charged such an offense, and that no decision is necessary as to whether counts 3–9 charged such offenses.

■ That part of the motion of March 19, 1957, which sought a bill of particulars was addressed to the District Court's discretion, the exercise of which, in the absence of abuse, is not reviewable.[15]

11. Section 371 provides:
 "If two or more persons conspire * * to commit any offense against the United States, * * * and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.
 "If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor."

12. Section 501 provides: "Any person who willfully and knowingly does or causes or suffers to be done any act, matter, or thing, in this chapter [47 U.S.C.A. §§ 151–609] prohibited or declared to be unlawful, * * * shall, upon conviction thereof, be punished for such offense * * * by a fine of not more than $10,-000 or by imprisonment for a term not exceeding one year, or both; * * * *"

13. Weiss v. United States, 308 U.S. 321, 60 S.Ct. 269, 84 L.Ed. 298; United States v. Sugden, 9 Cir., 226 F.2d 281; United States v. White, 7 Cir., 228 F.2d 832; Massengale v. United States, 6 Cir., 240 F.2d 781; Lipinski v. United States, 10 Cir., 251 F.2d 53.

14. Weiss v. United States, supra; Massengale v. United States, supra; Lipinski v. United States, supra.

15. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; West v. United States, 9 Cir., 12 F.2d 776; Cummings v. United States, 9 Cir., 15 F.2d 168; Rubio v. United States, 9 Cir., 22 F.2d 766; Fiddelke v. United States, 9 Cir., 47 F.2d 751; Sutton v. United States, 9 Cir., 79 F.2d 863; Shreve v. United States, 9 Cir., 103 F.2d 796; Maxfield v. United States, 9 Cir., 152 F.2d 593; Himmelfarb v. United States, 9 Cir., 175 F.2d 924; Remmer v. United States, 9 Cir., 205 F.2d 277.

The record shows no abuse of that discretion.

Specification 2 says that the District Court erred in denying "the motion to suppress," meaning, obviously, the motion of March 25, 1957, reading as follows: "Come now [defendants], by and through their attorneys, and move [the District Court] for its order directing that certain property of which defendants herein are [on March 25, 1957] the owners, a schedule of which is annexed hereto and made a part hereof,[16] * * be suppressed as evidence against these defendants and each of them in this and any other criminal proceedings against them, or each of them." No other motion to suppress was made or filed in this case.

In support of the motion of March 25, 1957, an affidavit of William J. Crawford, one of defendants' attorneys, was filed by defendants on March 26, 1957. The District Court heard the motion on April 9–12, 1957. At that hearing, defendants adduced the testimony of 16 witnesses, but defendants themselves did not, nor did either of them, testify at that hearing or at all.

The stated ground of the motion of March 25, 1957, was, in substance, that the property mentioned therein was unlawfully searched for and seized by officers of the State of Oregon on May 17, 1956, and by Federal officers on September 5, 1956.

■ The record shows that the property mentioned in the motion of March 25, 1957, was searched for and seized at Portland, Oregon, on May 17, 1956, by officers of the State of Oregon. However, the motion did not say nor does the record show, that any Federal officer participated in the State search and seizure—the search and seizure made on May 17, 1956. Instead, the record shows that there was no such participation.

Hence the unlawfulness of the State search and seizure, if indeed they were unlawful, did not entitle defendants to an order of the District Court suppressing the property seized.[17] Hence the question of the lawfulness of the State search and seizure need not be considered.

The record shows that the property mentioned in the motion of March 25, 1957, was searched for and seized at Milwaukie, Oregon, on September 5, 1956, by Ronald E. Sherk, an agent of the Federal Bureau of Investigation, under a search warrant issued on September 5, 1956, by Claire Mundorff, a United States commissioner within the District of Oregon, on an affidavit made and sworn to by Agent Sherk before Commissioner Mundorff on September 5, 1956. There was no other search for or seizure of the property by any Federal officer or officers.

The record shows that the Federal search and seizure—the search and seizure made on September 5, 1956—were made under, pursuant to and in conformity with 18 U.S.C.A. §§ 3102–3108 and Rule 41 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

Subdivision (e) of Rule 41 provides: "A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that (1) the property was illegally seized without warrant, or (2) the warrant is insufficient on its face, or (3) the property seized is not that described in the warrant, or (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued, or (5) the warrant was illegally executed. * * * "

16. The annexed schedule listed the following property: Five electronic tape recordings, one Minifon recording machine and three spools of Minifon recording wire.

17. Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048; Hall v. United States, 9 Cir., 48 F.2d 66; Symons v. United States, 9 Cir., 178 F.2d 615; Parker v. United States, 9 Cir., 183 F.2d 268; Andersen v. United States, 9 Cir., 237 F.2d 118; Rios v. United States, 9 Cir., 256 F.2d 173.

As indicated above, the motion of March 25, 1957, did not seek return of the property mentioned therein, but merely sought suppression of the property as evidence against defendants; nor was the motion based on any of the five grounds specified in subdivision (e) of Rule 41.

The motion did not say, nor does the record show, that the Federal search and seizure were made at any house or place owned, occupied or used by defendants or either of them. Instead, the record shows that the Federal search and seizure were made at the First State Bank of Milwaukie, Oregon. The motion did not say, nor does the record show, that, at the time of the Federal search and seizure—September 5, 1956—defendants or either of them owned or had any propriatary interest in the property seized,[18] or that the property was at that time in the custody or possession of defendants or either of them. Instead, the record shows that the property was not in the custody or possession of defendants or either of them at any time after May 17, 1956.

■ Hence, so far as the record shows, defendants were not persons aggrieved by the Federal search and seizure and had no standing to challenge the lawfulness thereof or to move the District Court to suppress the property seized.[19] Hence we are not required to consider defendants' contention that the Federal search and seizure were unlawful. However, we have considered it and find no merit in it.

■ Specification 3 says, in effect, that the District Court erred (1) in denying in part the motion for continuance filed on March 18, 1957, and (2) in denying the motion for continuance filed on April 13, 1957. These motions were addressed to the District Court's discretion, the exercise of which, in the absence of abuse, is not reviewable.[20] The record shows no abuse of that discretion.

■ Specification 12 and a part of specification 13 relate to the admission of evidence at the trial,[21] but do not, as required by our Rule 18,[22] quote the grounds urged at the trial for the objections to such admission and the full substance of the evidence admitted. Hence we are not required to consider specification 12 and the part of specification 13 which relates to the admission of evidence.[23] However, we have considered them and find no merit in them.

■ Specifications 4, 5, 6, 11 and 15 and a part of specification 13 relate to the District Court's charge to the jury, but do not, as required by our Rule 18, set

18. As indicated above, the motion contained a statement to the effect that the property seized was, on March 25, 1957, the property of defendants. That, however, was immaterial, if true; for, as indicated above, the Federal search and seizure were made on September 5, 1956.

19. Patterson v. United States, 9 Cir., 31 F.2d 737; Kwong How v. United States, 9 Cir., 71 F.2d 71; Whitcombe v. United States, 3 Cir., 90 F.2d 290; Creech v. United States, 5 Cir., 97 F.2d 390; Wilson v. United States, 10 Cir., 218 F.2d 754; United States v. Ponder, 4 Cir., 238 F.2d 825; Accardo v. United States, 101 U.S.App.D.C. 162, 247 F.2d 568; United States v. Pepe, 2 Cir., 247 F.2d 838.

20. Crono v. United States, 9 Cir., 59 F.2d 339; Kramer v. United States, 9 Cir., 166 F.2d 515; Williams v. United States,
9 Cir., 203 F.2d 85; Hutson v. United States, 9 Cir., 238 F.2d 167; Sherman v. United States, 9 Cir., 241 F.2d 329.

21. The evidence referred to in specification 12 was the testimony of eight witnesses—George Minielly, Terry D. Schrunk, Oscar D. Howlett, Howard R. Lonergan, Claude F. Cross, Vayne M. Gurdane, James C. Darby and William M. Langley. The evidence referred to in specification 13 consisted of exhibits.

22. See footnote 8.

23. Ziegler v. United States, 9 Cir., 174 F.2d 439; Mosca v. United States, 9 Cir., 174 F.2d 448; DuVerney v. United States, 9 Cir., 181 F.2d 853; Lii v. United States, 9 Cir., 198 F.2d 109; Cly v. United States, 9 Cir., 201 F.2d 806; Gordon v. United States, 9 Cir., 202 F.2d 596; Lee v. United States, 9 Cir., 238 F.2d 341.

out the instructions referred to [24] totidem verbis, together with the grounds of the objections urged at the trial. Hence we are not required to consider specifications 4, 5, 6, 11 and 15 and the part of specification 13 which relates to the charge.[25] However, we have considered them and find no merit in them.

 Specifications 7, 8 and 9 say, in effect, that the District Court erred in denying the motions for judgments of acquittal—the motions made and denied on May 9 1957, renewed and denied on May 10, 1957, renewed on May 16, 1957, and denied on June 17, 1957. The stated ground of these motions was, in substance, that the evidence was insufficient to sustain a conviction of either defendant on any count of the indictment. The evidence was amply sufficient to sustain a conviction of each defendant on counts 1 and 2. Since counts 3 and 4 were dismissed at the close of the evidence offered by the Government, and since the sentences on counts 5–9 added nothing to the sentences on counts 1 and 2, we are not required to decide whether the evidence was sufficient to sustain a conviction of defendants or either of them on counts 3–9 or any of them.[26]

Specification 10 says, in effect, that the District Court erred in denying the motion for a new trial. That motion was addressed to the District Court's discretion, the exercise of which, in the absence of abuse, is not reviewable.[27] The record shows no abuse of that discretion.

Judgments affirmed.

24. Specifications 4, 11 and 15 refer to instructions given. Specifications 5, 6 and 13 refer to instructions refused. The instructions referred to in specifications 4, 5, 6, 11 and 13 were on the subject of interception. The instructions referred to in specification 15 submitted a form of verdict to the jury and told the jury how to use it.

25. Zeigler v. United States, supra; Mosca v. United States, supra; DuVerney v. United States, supra; Lii v. United States, supra; Cly v. United States, supra; Gordon v. United States, supra.

26. See cases cited in footnote 10.

27. Gage v. United States, 9 Cir., 167 F. 2d 122; Eagleston v. United States, 9 Cir., 172 F.2d 194; Grover v. United States, 9 Cir., 183 F.2d 650; Adams v. United States, 9 Cir., 191 F.2d 206; Balestreri v. United States, 9 Cir., 224 F.2d 915; Steiner v. United States, 9 Cir., 229 F.2d 745; Bloch v. United States, 9 Cir., 238 F.2d 631; Pool v. United States, 9 Cir., 260 F.2d 57; Pitts v. United States, 9 Cir., 263 F.2d 808; Straight v. United States, 9 Cir., 263 F.2d 811.