**Leon Dudley NOAH, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17586.**

United States Court of Appeals
Ninth Circuit.

June 18, 1962.

Mayfield K. Webb, Portland, Or., for appellant.

Sidney I. Lezak, Acting U. S. Atty., District of Oregon, and Donald D. Sullivan, Asst. U. S. Atty., for appellee.

Before MATHEWS and MERRILL, Circuit Judges, and BEEKS, District Judge.

MATHEWS, Circuit Judge.

On December 8, 1960, in the United States District Court for the District of Oregon, appellant, Leon Dudley Noah, was indicted in eight counts. Counts 1, 3 and 4 charged offenses alleged to have been committed by appellant at Portland, Oregon, on or about October 3, 1960. Counts 2 and 6 were dismissed and are not involved here. Counts 5, 7 and 8 charged offenses alleged to have been committed by appellant at Portland, Oregon, on or about November 23, 1960.

Appellant was arraigned, pleaded not guilty and had a jury trial. At the close of all the evidence, he moved for a judgment of acquittal and for a directed verdict.[1] The stated ground of the motion was, in substance, that the evidence was insufficient to sustain a conviction on counts 1, 3, 4, 5, 7 and 8 or any of them. The motion was denied. Appellant was found guilty on each of the six counts last above mentioned. Thereupon a judgment of conviction was entered, sentencing appellant on each of

---

1. Motions for directed verdict were abolished in 1946. See Rule 29(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. We therefore treat appellant's motion as a motion for a judgment of acquittal only.

the six counts to be imprisoned for seven years, the sentences to run concurrently. This appeal is from that judgment.

Three alleged errors are specified.[2] Specification 1 alleges, in substance, that the trial court erred in refusing to allow a witness for appellant to show motion pictures of the place where the offenses charged in counts 1, 3 and 4 were alleged to have been committed.[3] Specification 1 raises no question with respect to counts 5, 7 and 8 or any of them.

Specification 2 alleges, in substance, that the trial court erred in denying the motion for a judgment of acquittal and for a directed verdict[4] as to the offenses charged in counts 5, 7 and 8.[5] Thus specification 2 challenges the sufficiency of the evidence to sustain appellant's conviction on counts 5, 7 and 8 or any of them.

Count 8 alleged, in substance, that on or about November 23, 1960, at Portland, Oregon, appellant fraudulently and knowingly received, concealed and facilitated the transportation and concealment of a quantity of a narcotic drug, namely, heroin hydrochloride, which had theretofore been imported and brought into the United States contrary to law, appellant then and there well knowing said drug to have been so imported and brought into the United States. Thus count 8 charged a violation of 21 U.S.C.A. § 174, which provides:

"Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States * * * contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, * * * shall be imprisoned not less than five nor more than twenty years and, in addition, may be fined not more than $20,000. * * *

"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury. * * * *"

█ At appellant's trial, it was shown by substantial evidence that on November 23, 1960, at Portland, Oregon, appellant had possession of the narcotic drug mentioned in count 8. He did not explain the possession to the satisfaction of the jury or at all. Hence the evidence was sufficient to sustain his conviction on count 8.[6]

█ As indicated above, all the sentences run concurrently and are of equal length. Hence the sentences on counts 1, 3, 4, 5 and 7 add nothing to the sentence on count 8. Hence we need not and do not consider any question raised by specification 1 or specification 2 with respect to counts 1, 3, 4, 5 and 7 or any of them.[7]

Specification 3 alleges, in substance, that the trial court erred in its charge to the jury,[8] in that "the sum total of [the charge], through omission and commission, was highly beneficial to the prosecution and prejudicial to [appellant]."

---

2. See our Rule 18(2) (d), 28 U.S.C.A.

3. In specification 1, the pictures were called "color motion films of the scene of the alleged transaction on October 3, 1960." Actually, the pictures were taken on March 2, 1961.

4. See footnote 1.

5. In specification 2, the offenses charged in counts 5, 7 and 8 are called "the alleged transaction of November 23, 1960."

6. See the second paragraph of § 174, supra.

7. Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774; Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321; Stein v. United States, 9 Cir., 263 F.2d 579; Elkins v. United States, 9 Cir., 266 F.2d 588; Lemon v. United States, 9 Cir., 278 F.2d 369; Green v. United States, 9 Cir., 282 F.2d 388; Russell v. United States, 9 Cir., 288 F.2d 520.

8. In specification 3, the trial court's charge is called its instructions.

In the trial court, appellant did not at any time object to the charge or to any part thereof. Hence the charge was not, nor was any part thereof, assignable or specifiable as error.[9] Hence we are not required to consider specification 3.[10] We are permitted, though not required, to notice plain errors which, though not brought to the court's attention, affect substantial rights;[11] but the record here discloses no such error.

Judgment affirmed.

---

9. See Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

10. Ziegler v. United States, 9 Cir., 174 F.2d 439; Brown v. United States, 9 Cir., 201 F.2d 767, 14 Alaska 167; Gresham v. United States, 9 Cir., 232 F.2d 927; Herzog v. United States, 9 Cir., 235 F.2d 664; Straight v. United States, 9 Cir., 263 F.2d 811; Claypole v. United States, 9 Cir., 280 F.2d 768.

11. See Rule 52(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.