**Leon D. NOAH, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 17586.

United States Court of Appeals Ninth Circuit.

March 21, 1963.

Leon D. Noah, in pro. per.

No appearance for appellee.

Before HAMLIN, MERRILL and BROWNING, Circuit Judges.

PER CURIAM.

The record shows that the above petitioner was convicted in the United States District Court of Oregon of charges contained in six counts of an eight-count indictment and was by that court sentenced to a term of imprisonment. An appeal from this judgment was timely filed in this court and was here affirmed on June 18, 1962. Noah v. United States, 304 F. 2d 317. In the prosecution of that appeal petitioner was represented by counsel.

On February 28, 1963, petitioner filed in this court in *pro. per.* what he describes as "Petition for a Writ of Error." The opinion of this court in Noah v. United States, supra, determined adversely to petitioner the first four points set out by petitioner in this proceeding.

In Point No. V, appellant alleges "a prejudicial error was committed by this court because of the presence of the Honorable William T. Beeks, District Court Judge, sitting as a member of this tribunal. An indictment, Criminal No. 50460 was issued in the Western District of Washington, U. S. District Court, charging the Appellant and seven (7) other persons with conspiring to violate U. S. Narcotics Laws. The indictment is petitioner's Exhibit 'A'. The indictment was returned to the Court of the Honorable Judge Beeks."

In Point V petitioner may be trying to raise an issue under sections 47 or 455 of Title 28 U.S.C.[1] We have examined the district court record in case No. 50460 referred to by petitioner. It shows that petitioner was never tried in that case and that the indictment as to petitioner was dismissed by Judge Beeks on the motion of the United States Attorney on August 27, 1962. It thus appears that in the determination of petitioner's appeal from his judgment of conviction, Judge Beeks was not called upon to "hear or determine an appeal from the decision of a case or issue tried by him." The record fails to disclose anything that would indicate that Judge Beeks was in any way disqualified by the provisions of either section 47 or section 455, Title 28 U.S.C.

Treating the present petition either as one for a "writ of error" or "to recall the mandate of the court" or one of "coram nobis" or as a petition for a rehearing, petitioner is entitled to no relief.

The petition is denied.

---

1. "§ 47. Disqualification of trial judge to hear appeal

"No judge shall hear or determine an appeal from the decision of a case or issue tried by him."

"§ 455. Interest of justice or judge

"Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest, has been of counsel, is or has been a material witness, or is so related to or connected with any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein."